MILLS, Judge.
The issues raised by this appeal are:
1. Whether that provision of Section 561.20(2)(a)3, Flordia Statutes (1975), effective 18 April 1972, which requires a special restaurant alcoholic beverage licensee to derive 51% of its gross revenue from the sale of food and nonalcoholic beverages applies to Huddle’s special restaurant license which was issued prior to 18 April 1972.
2. Whether that provision of Fla.Admin. Code Rule 65A-3.15, effective 1 September 1969 and repealed 1 May 1973, which requires a special restaurant alcoholic beverage licensee to derive 30% of its gross revenue from the sale of food and nonalcoholic beverages applies to Huddle’s special restaurant license.
Huddle is the owner of a special restaurant license located in Dade County. It has operated the restaurant on which the special license is located since February 1974. It obtained a transfer of the license from another special restaurant licensee who had operated under the license for more than twenty years.
In 1974, when Huddle received its special license, the Division notified it that it would be required to derive at least 51% of its gross revenue from the sale of food and nonalcoholic beverages. Huddle filed a declaratory judgment action [1] seeking a determination of the applicability of the 51% requirement to its license. The trial court concluded that the 51% requirement was not applicable but that the 30% requirement was applicable. The Division appealed both rulings. Huddle appealed the 30% ruling.
The trial court correctly found that the 51% requirement was not applicable. Section 561.20(2)(b), Florida Statutes (1975), effective 18 April 1972, provides:
“Any county in which special licenses were issued under the provisions of s. 561.20(2)(b) in effect prior to the effective date of this act shall continue to qualify for such licenses pursuant to those provisions in effect prior to the effective date of this act, and shall not be *142 affected by the provisions of paragraph (a) of this subsection.”
The prior Section 561.20(2)(b), enacted in 1961 and in effect until 18 April 1972, provided:
“This subsection shall not apply to any county having home rule under the constitution in which county the provisions of Section 561.20(2) in effect prior to the effective date of this law shall apply.”
Dade County has home rule under the provisions of Article VIII, Section 6(e), Florida Constitution (1968), and had it under its predecessor, Article VIII, Section 11, Florida Constitution (1885) as amended.
Although the current subsection (b) refers to “any county” in which special licenses were issued under the pre-1972 Section 561.20(2)(b), it then adds “shall continue to qualify for such licenses” pursuant to the prior law. It is not the county that qualifies for special licenses but operators of restaurants or others entitled to special licenses. Therefore, the legislative intent was to refer to existing licensees in such counties who could continue to qualify under prior provisions. The objective of the exception is to permit licensees who have complied with the prior law to obtain renewals under the requirements of the prior law. Huddle comes within this construction. As a holder of a special restaurant license under Section 561.20(2)(b) in effect prior to 18 April 1972, it is entitled to qualify for and receive a license pursuant to the provisions of the law in effect prior to 18 April 1972, provided it meets the other requirements set forth in Fla.Admin.Code Rule 7A-3.15 and the applicable rules and regulations of the Division.
■ Subsequent to the trial court’s judgment in this case, the Supreme Court of Florida held in Thayer v. State, 335 So.2d 815 (Fla.1976), that the requirement of Section 561 20(2)(a)3, Florida Statutes (1975), effective 18 April 1972, that a special restaurant licensee must derive 51% of its gross revenue from the sale of food and nonalcoholic beverages did not apply to special licenses issued prior to 18 April 1972. The court reached this result by reasoning that the provisions of the Act required that it be applied prospectively and not retroactively.
It has always been the legislative intent that a special restaurant license under Section 561.20(2) was available only when there was a bona fide substantial restaurant operation primarily engaged in the service of food and nonalcoholic beverages. It was never to be a subterfuge for the operation of a bar or cocktail lounge with only incidental sales of food. This was applicable to Dade County at all times.
The Director of the Beverage Department promulgated administrative rule 65A-3.15, effective 1 September 1969, which required restaurants serving alcoholic beverages under a special restaurant license to meet certain minimum requirements. Among these was the requirement that the monthly average of gross sales of food shall not be less than 30% of the (total gross revenue of the overall restaurant operation. This administrative rule sets forth a test of a bona fide restaurant operation and the test is reasonable and consistent with the statute then in force. Under the provisions of Section 561.20(2)(b), effective 18 April 1972, the provisions of this section in effect prior to that date would include not only the statutory language but also duly promulgated rules and regulations which were not inconsistent with the statutory provisions. Huddle comes within the 30% requirement applicable to the holders of special restaurant licenses in effect prior to 18 April 1972.
In view of the above, it is unnecessary that we reach the constitutional issue urged by the Division.
The final summary judgment entered by the trial court is affirmed.
RAWLS, Acting C. J., and SMITH, J., concur.

. The propriety of the circuit court entertaining this proceeding was neither raised nor passed upon. Thus, the applicability of Chapter 120, Florida Statutes (1975), to this proceeding was not put in issue.