Mr. John Henry Jones Chairman Construction Industry Licensing Board Post Office Box 2 Jacksonville, Florida 32201
Attention: Mr. J.K. Linnan, Executive Director
Dear Mr. Jones:
This is in response to your letter in which you request an opinion on the following questions:
 1. DOES SECTION 489.113(3), FLORIDA STATUTES, AUTHORIZE A GENERAL CONTRACTOR TO OFFER TO PERFORM AND/OR CONTRACT TO INSTALL OR REROOF ANY SHINGLE ROOFS WITHOUT LIMITATION; OR, DOES THIS SUBSECTION MERELY AUTHORIZE THE GENERAL CONTRACTOR TO INSTALL SHINGLE ROOFS ON THOSE STRUCTURES WHICH ARE BEING CONSTRUCTED BY THE GENERAL CONTRACTOR?
 2. ARE CERTIFIED GENERAL CONTRACTORS WHO WERE STATE CERTIFIED PRIOR TO 1973, AUTHORIZED TO ENGAGE IN THE ROOFING BUSINESS WITHOUT LIMITATION?
Question One
Your first question requires an interpretation of s 489.113(3), F. S., which provides in pertinent part, as follows:
 A contractor shall subcontract the electrical, mechanical, plumbing, roofing, sheet metal, and air conditioning work for which a local examination for a certificate of competency or a license is required, unless such contractor holds a state certificate of competency or license of the respective trade category, as required by the appropriate local authority. However, a general, building, or residential contractor shall not be required to subcontract the installation of shingle roofing materials. . . . This subsection does not apply if the local authority does not require a certificate of competency or license for such trade. Nothing in this act shall be construed to require the subcontracting of asphalt roofing shingles. (e.s.)
The underscored wording is a provisio, the purpose of which is to take out or except the installation of shingle roofing materials from the preceding requirements in the first sentence of subsection (3) or to qualify or restrain the generality thereof; and the proviso is to be strictly construed and limited to objects within its terms. See, Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957); State v. State Racing Commission, 112 So.2d 825 (Fla. 1959). The above statutory provision should be read in parimateria with the definitions found in s 489.105, F. S. A `contractor' is defined by s 489.105(3), F. S., to mean
 the person who is qualified for and responsible for the entire project contracted for and means, except as exempted in this act, the person who, for compensation, undertakes to, submits a bid to, or does himself or by others construct, repair, alter, remodel, add to, subtract from, or improve any building or structure, including related improvements to real estate, for others or for resale to others. . . .
A `general contractor' means
 a contractor whose services are unlimited as to the type of work which he may do, except as provided in this act. Section 489.105(3)(a), F. S.
A `building contractor' means
 a contractor whose services are limited to construction of commercial buildings and single-dwelling or multiple-dwelling residential buildings, which commercial or residential buildings do not exceed three stories in height, and accessory use structures in connection therewith or a contractor whose services are limited to remodeling, repair, or improvement of any size building if the services do not affect the structural members of the building. Section 489.105(3)(b), F. S.
A `residential contractor' means
 a contractor whose services are limited to construction, remodeling, repair, or improvement of one-family, two-family, or three-family residences not exceeding two stories in height and accessory use structures in connection therewith. Section 489.105(3)(c), F. S.
When the above definitions are read with s 489.113(3), F. S., it seems clear that all contractors must subcontract the specialty work listed if the local authority requires a certificate of competency and local examination in the respective trade, except that general, residential and building contractors need not subcontract the installation of shingle roofing materials (regardless of the existence of local ordinances providing for certificates of competency in roofing) and no subcontracting of asphalt shingles is required.
Stated another way, a residential contractor may install shingle roofing materials on any residential structure as defined in s489.105(3)(c), F.S.; a building contractor may install shingle roofing materials on the structures as defined in s 489.105(3)(b); and general contractors may install shingle roofing materials without limitation. There is no provision in the statutes which limits these contractors to installing shingle roofing materials only on those structures which they have under construction. Therefore, such contractors may install such roofing materials without limitation, although they may not identify themselves as `roofing contractors.' See, ss 489.105(3)(e) and 489.127, F.S. Additionally, the limited exception in s 489.113(3), F.S., does not authorize such contractors to do more than installation of shingle roofing materials; i.e., it does not confer authority to repair or reroof shingle roofs. Where a statute sets forth exceptions, no others may be implied and no others may be written into the law. See, Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Biddle v. State Beverage Department, 187 So.2d 65 (4 D.C.A. Fla., 1966).
Question Two
In your letter of inquiry, you note that prior to a 1973 amendment of the Construction Industry Practice Act, there was no requirement in the law that certified contractors must subcontract any roofing work. Prior to 1973, the scope of work of a `general contractor' was defined as follows:
 `Contractor' means, except those herein exempted, any person who, for compensation, undertakes to, or submits a bid to, or does himself or by others, construct, repair, alter, remodel, add to, subtract from, improve any building or structure, including related improvements to real estate for others, or for resale to others, and who is responsible for substantially the entire project; however, a `contractor' shall subcontract the electrical, mechanical, and plumbing work for which an examination for a certificate of competency and/or a license is required, unless such contractor holds a certificate of competency and/or license of the respective trade category, as required by the appropriate local authority. Where the local authority does not require a certificate of competency and/or license for the respective trade, and contractor shall not be required to meet the above requirements. `Contractors' are subdivided into three categories as follows: (a) ` General contractors are those whose services are unlimited about the type of work which they may do as set forth in subsection (1) above. . . . (e.s.) Section 468.102, F.S. 1971.
In 1973, the law was modified to change the definition of `contractor' to read as follows:
 `Contractor' means, except those herein exempted, any person who, for compensation, undertakes to, or submits a bid to, or does himself or by others, construct, repair, alter, remodel, add to, subtract from, improve any building or structure, including related improvements to real estate for others, or for resale to others, as hereinafter defined; however, a `contractor' shall subcontract the electrical, mechanical, plumbing, roofing, sheet metal, and air conditioning work for which an examination for a certificate of competency or a license is required, unless such contractor holds a certificate of competency or license of the respective trade category, as required by the appropriate local authority. Where the local authority does not require a certificate of competency or license for the respective trade, the contractor shall not be required to meet the above requirements. . . . (e.s.) Section 468.102, F.S. 1973.
Therefore, effective July 1, 1973, all contractors were required to subcontract roofing work, although as noted in the response to Question One, the 1980 Legislature carved out a limited exception authorizing general, residential, and building contractors to install shingle roofing materials. The question remains, however, as to the authority of general contractors who were certified prior to 1973 to engage in other forms of roofing work as set forth in s 489.105(3)(e), F.S., which defines the scope of work of a `roofing contractor' to mean
 a contractor whose services are unlimited in the roofing trade and who has the experience, knowledge, and skill to install, maintain, repair, alter, extend, or design, when not prohibited by law, and use materials and items used in the installation, maintenance, extension, and alteration of all kinds of roofing and waterproofing.
 Your letter observes that prior to the 1973 amendment of the Construction Practice Act, applicants for the certified general contractor classification were tested on roofing subjects. After the law was amended to require all contractors to subcontract roofing work, this was no longer done. However, the Board adopted and continues to adhere to the view that those general contractors who were so tested and certified prior to the 1973 amendments continued to possess the authority to contract for roofing work. Under these circumstances, it is appropriate to note the well-established principle that longstanding statutory interpretations made by officials charged with the administration of the statutes are to be given great weight and will not be overturned by the courts unless clearly erroneous. See, e.g., State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla. 1973); Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788 (Fla. 1952).
 Furthermore, it is also a settled principle of statutory construction that legislation is deemed to operate prospectively, unless the intent that it operates retrospectively is clearly expressed. State, Department of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353 (Fla. 1977); and Thayer v. State, 335 So.2d 815 (Fla. 1976). For example, in Thayer v. State, supra, the court ruled that a statute exempting restaurants deriving at least 51 percent of all proceeds from sale of food and non-alcoholic beverages from the limitation on the number of special licenses to be issued was intended to be applied prospectively to those licenses issued after the effective date of the statute; thus, the 51 percent requirement would not apply to licenses existing prior to the effective date of the statute. See also, Department of Business Regulation v. Huddle, Inc., 342 So.2d 140 (1 D.C.A. Fla., 1977).
 Application of these principles leads me to the conclusion that the longstanding policy of the Board permitting certified general contractors who were examined on roofing subjects, among other things, by the Board and certified prior to 1973, to engage in roofing work, should not be reversed in the absence of clear legislative or judicial mandate.
 Accordingly, I therefore conclude that certified general contractors who were examined on roofing subjects by the Construction Industry Licensing Board and certified prior to 1973 continue to be authorized to operate as roofing contractors under their general contractor certification.
 In summary, I am therefore of the opinion until and unless judicially or legislatively determined otherwise that:
 (1) Pursuant to s 489.113(3), F.S., general, residential and building contractors need not subcontract the installation of shingle roofing materials (regardless of the existence of local ordinances providing for certificates of competency in roofing); however, such contractors may not hold themselves out as `roofing contractors.'
 (2) Certified general contractors who received their state certification prior to 1973 continue to be authorized to engage in roofing work.
Sincerely,
Jim Smith, Attorney General
Prepared by: Patricia R. Gleason, Assistant Attorney General