487 So.2d 1141 (1986)
SHELL HARBOR GROUP, INC., Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, State of Florida, Appellee.
No. BI-124.
District Court of Appeal of Florida, First District.
April 22, 1986.
Joseph C. Jacobs and Richard Johnston, Jr. of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellant.
Thomas L. Barnhart, Tallahassee, for appellee.
MILLS, Judge.
Shell Harbor Group, Inc. (Shell Harbor) appeals from a final order of the Division of Alcoholic Beverages and Tobacco denying its application for a change in the status of its special hotel liquor license to a special restaurant license (SRX). We affirm.
The operative statute herein, Section 561.20(2)(a)3, Florida Statutes (1983) provides that a special restaurant license may be issued to an applicant which 1) is a restaurant, 2) having 2500 square feet of service area, 3) is equipped to serve 150 persons full-course meals at tables at one time, and 4) derives at least 51% of its gross revenue from the sale of food and nonalcoholic beverages (emphasis supplied). While it was conceded below that Shell Harbor possessed sufficient tableware and equipment to serve 150 persons as required *1142 by the statute, it was prohibited by local ordinance from seating more than 100 persons in the restaurant for which it seeks the license. It was on this basis that the change in status was denied.
"Equipped" is not defined in the statute; therefore, its common, ordinary meaning applies. State v. J.H.B., 415 So.2d 814 (Fla. 1st DCA 1982); see also Division of Alcoholic Beverages and Tobacco v. Salvation Limited, Inc., 452 So.2d 65, 67 (Fla. 1st DCA 1984). Webster's New Collegiate Dictionary defines "equip" as "to furnish for service or action, make ready by appropriate provisioning." Therefore, Shell Harbor's argument, below and on appeal, that it has satisfied the plain meaning of the statute by its possession of sufficient equipment to serve the required number of customers, despite its legal inability to do so, has surface appeal.
However, a literal interpretation of a statute need not be given when to do so would lead to an unreasonable or ridiculous conclusion. Such a departure from the letter of the statute is permissible only when there are cogent reasons for believing that the letter of the law does not accurately disclose the legislative intent. Holly v. Auld, 450 So.2d 217 (Fla. 1984). This court has consistently held that the legislative intent of this licensing statute is that a special restaurant license be available only to a "bona fide substantial restaurant operation primarily engaged in the serving of food and nonalcoholic beverages." Division of Alcoholic Beverages and Tobacco v. Huddle, Inc., 342 So.2d 140, 142 (Fla. 1st DCA 1977) (emphasis supplied). Given this intent, the reasonable interpretation of "equipped" is that it encompasses the legal ability to serve 150 people as well as the physical ability to do so. Otherwise, physical ability to do so is meaningless and might as well not exist.
Shell Harbor also contends that the agency should have considered the seating capacity of the hotel banquet room, located in a different building, along with the restaurant capacity to satisfy the required capacity of 150. We disagree. To be eligible for a special restaurant license, the applicant must be a "restaurant," defined as "a public eating place." Division of Alcoholic Beverages and Tobacco v. Salvation Limited, Inc., supra at 67 (emphasis supplied). The business must be "held out to the public to be a place where meals are prepared and served." Rule 7A-3.15(3)(d), F.A.C. (emphasis supplied).
The banquet room herein is used only for special events separate from general restaurant service, such as meetings, parties, receptions, etc. at which full meals might incidentally be served. There is no evidence that Shell Harbor ever uses the room as an extension or part of the restaurant as, for example, to accomodate and serve an overflow restaurant crowd. Neither does Shell Harbor treat the room as part of the restaurant for purposes of compliance with the local seating ordinance, as the addition of its seats would put the restaurant out of compliance therewith.
Administrative construction of a statute by an agency responsible for its administration is entitled to great weight and should not be overturned unless clearly erroneous. All Seasons Resorts, Inc. v. Division of Land Sales, Condominiums and Mobile Homes, 455 So.2d 544, 547 (Fla. 1st DCA 1984). There appearing no clear error herein, we affirm.
SMITH and THOMPSON, JJ., concur.