493 So.2d 1085 (1986)
SUMMERSPORT ENTERPRISES, LTD., Appellant,
v.
PARI-MUTUEL COMMISSION of the State of Florida, Department of Business Regulation, Division of Pari-Mutuel Wagering; and Calder Race Course, Inc., Appellees.
No. BN-231.
District Court of Appeal of Florida, First District.
September 9, 1986.
*1086 Barry Richard, of Roberts, Baggett, LaFace & Richard, Tallahassee, for appellant.
Elliott Henslovitz, of Dept. of Business Regulation, Div. of Pari-Mutuel Wagering, Miami, for appellee Dept. of Business Regulation.
Wilbur E. Brewton and J. Riley Davis, of Taylor, Brion, Buker & Greene, Tallahassee, for appellee Calder Race Course, Inc.
NIMMONS, Judge.
This is an administrative appeal from an order of the Pari-Mutuel Commission of the Department of Business Regulation ("Commission") denying appellant's application for matinee performances pursuant to Section 550.074, Florida Statutes (1981). We affirm.
The appellant, Summersport Enterprises, Ltd., ("Summersport"), is the holder of a converted summer jai alai permit in Broward County, Florida under the provisions of Section 550.074, Florida Statutes (1981). Before its conversion to a summer jai alai permit, the permit was a quarter horse permit issued under the provisions of Section 550.33, Florida Statutes (1971), and was held by Gator Downs, Inc. The quarter horse permit was issued to Gator Downs in St. Johns County, Florida in 1971. In 1974, Gator Downs ran a split meet with part of the meet conducted in St. Johns County and part of the meet conducted in Broward County. During the portion of the meet held in St. Johns County, Gator Downs conducted afternoon or matinee performances. From 1975 until the conversion in 1980, Gator Downs conducted its meets in Broward County with no afternoon or matinee performances. In 1980, Gator Downs converted the permit to a summer jai alai permit and thereafter Summersport acquired the converted permit.
On January 14, 1986, Summersport filed an application for its 1986 racing dates, requesting 110 night performances and 54 matinee performances. On March 12, 1986, the Commission approved the regular night performances but denied the matinees because the permittee, under the permit as it existed prior to the conversion, "had not conducted matinees at the site of the conversion prior to the conversion." The Commission based its denial on the following language contained in Section 550.074(1), Florida Statutes (1981):
[N]o permittee whose permit is converted to a jai alai permit may be authorized to conduct afternoon or matinee performances unless the permittee, under the permit as it existed prior to the conversion, had conducted afternoon or matinee performances prior to the conversion of the permit... .
Summersport timely requested a hearing under Section 120.57, Florida Statutes and Rule 7E-8.43, Fla. Admin. Code. A hearing was held before the Commission and on May 12, 1986, the Commission entered a final order denying Summersport's request for matinees.
Appellant has presented two arguments on this appeal: (1) the Commission's denial of appellant's application for matinee performances violated Section 550.074(1), Florida Statutes (1981) and (2) the Commission's application and interpretation of Section 550.074 constitutes a denial of equal protection. We find both arguments to be without merit.
Initially, we find that the Commission's denial of appellant's application for matinee performances did not violate Section 550.074(1), Florida Statutes (1981). It is undisputed that the permittee, Gator Downs, Inc., had conducted afternoon performances in 1974, prior to the conversion of the permit in 1980. The statute, however, requires *1087 not only that afternoon performances be conducted prior to conversion, but also that such performances be conducted "under the permit as it existed prior to the conversion." (emphasis supplied) It is this quoted language which must be interpreted. The real question in this case thus becomes whether the afternoon performances conducted by Gator Downs in St. Johns County in 1974 were conducted "under the permit as it existed prior to the conversion."
It is a well established proposition that an administrative construction of a statute given by those charged with its enforcement and interpretation is entitled to great weight, and the courts will not depart from such a construction unless it is clearly erroneous or unreasonable. Shell Harbor Group, Inc. v. Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, 487 So.2d 1141 (Fla. 1st DCA 1986); Warnock v. Florida Hotel & Restaurant Commission, 178 So.2d 917 (Fla. 3rd DCA 1965); 49 Fla.Jur.2d Statutes § 163 (1984).
The Commission interpreted this statutory provision to require that in order for the holder of a converted permit to be authorized to conduct matinees, matinee or afternoon performances had to have been conducted under the permit as it existed in the county in which the conversion occurred. In the instant case, the permit had been sited in Broward County during a portion of 1974 and from 1975 until the conversion in 1980. Although matinees and afternoon performances had been conducted in St. Johns County in 1974 prior to the conversion, no matinee or afternoon performances had been conducted under the permit as it existed in Broward County in 1974 or as it existed in Broward County from 1975 to 1980.
Whether the statute requires that matinees had to have been conducted under the permit as it existed in the county in which the conversion occurred is certainly debatable. The statutory language is not very clear on this point. However, it cannot be said that the Commission's interpretation of the statute is clearly unreasonable or erroneous. The pertinent portion of Section 550.074, Florida Statutes (1981), seems to be based upon a "county" concept:
550.074 Conversion of pari-mutuel permit to summer jai alai permit. 
(1) The owner or operator of a pari-mutuel permit who is authorized by the Division of Pari-mutuel Wagering of the Department of Business Regulation to conduct pari-mutuel pools on exhibition sports in any county having five or more such pari-mutuel permits and whose mutuel play from the operation of such pari-mutuel pools for the 2 consecutive years next prior to filing an application under this section has had the smallest play or total pool within the county may apply to the division to convert its permit to a permit to conduct a summer jai alai fronton in such county during the summer season commencing on May 1 and ending on November 30 of each year on such dates as may be selected by such permittee for the same number of days and performances as are allowed and granted to winter jai alai frontons within such county. If a permittee who is eligible under this section to convert a permit declines to convert, then a new permit is hereby made available in that permittee's county to conduct summer jai alai games as provided by this section, notwithstanding mileage and permit ratification requirements. In the event that a permittee converts a quarter horse permit pursuant to this section, nothing herein shall prohibit the permittee from obtaining another quarter horse permit. However, no permittee whose permit is converted to a jai alai permit may be authorized to conduct afternoon or matinee performances unless the permittee, under the permit as it existed prior to the conversion, had conducted afternoon or matinee performances prior to the conversion of the permit. Such permittee shall pay the same taxes as are fixed and required to be paid from the pari-mutuel pools of winter jai alai permittees and shall be bound by all of the regulations and provisions *1088 of this chapter and chapter 551 that are applicable to the operation of winter jai alai frontons. Such permittee shall only be permitted to operate a jai alai fronton after its application has been submitted to the division and its license has been issued pursuant to the application. The license shall be renewable from year to year as provided by law.
(emphasis supplied)
Appellant has also argued that its permit was a statewide permit and thus was not susceptible to county restrictions. However, such a question need not be reached because the permit must be considered a Broward County permit in order for it to have been eligible for conversion under the language of Section 550.074, Florida Statutes (1981). Accordingly, we uphold the Commission's interpretation and application of the statute.
Furthermore, Section 550.074, Florida Statutes (1981), as applied and interpreted by the Commission, does not deny appellant equal protection of the laws. First, appellant cannot be compared to other jai alai frontons in Florida. Appellant is a special class of jai alai fronton existing only by virtue of a statute authorizing the conversion of its permit to a jai alai fronton permit. All converted permits are treated alike under the statute. Appellant has not contended that it is being discriminated against or treated differently than some other jai alai fronton which has obtained a summer jai alai permit by converting a quarter horse permit. Appellant's equal protection argument is without merit.
Moreover, appellant has argued that the proviso at issue in this case was introduced and enacted at the request and for the benefit of Calder Race Course, Inc. and therefore violates Article III, Section 11(a)(12) of the Florida Constitution which prohibits special laws or general laws of local application pertaining to "private incorporation or grant of privilege to a private corporation." However, even assuming that Calder Race Course, Inc. was the only corporation to benefit from the proviso at the time the bill was passed, this would not necessarily render the statute invalid. As stated by the Supreme Court in Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879, 881 (Fla. 1983):
A general law operates uniformly, not because it operates upon every person in the state, but because every person brought under the law is affected by it in a uniform fashion. Uniformity of treatment within the class is not dependent upon the number of persons in the class.
In that case, the Supreme Court was presented with the same constitutional challenge to a statute that is now before this court. The appellant there argued that the classification scheme contained in Section 550.075, Florida Statutes (1981), was designed to allow only the Seminole track to be converted to dog racing. However, the court held that it did not matter that once the law passed, Seminole was the only track to benefit from it:
Neither does it matter that, once the law was passed, Seminole was the only track to benefit from it. The controlling point is that even though this class did in fact apply to only one track, it is open and has the potential of applying to other tracks. .. .
Id. at 882.
Likewise, in the present case, the classification is open and has the potential of applying to other tracks. Therefore, Section 550.074, Florida Statutes (1981), should be upheld as a general law of uniform operation.
Additionally, the underlying legislative intent would not support invalidation of this statute as a general law of local application. It can be argued that the classification which draws a distinction between who may and may not hold matinees is reasonably related to the legislative goal of maximizing state revenue. State revenue can be maximized by eliminating "head-to-head" pari-mutuel activity among neighboring competitors.
The validity of the classification is further bolstered by the very nature of the *1089 enterprise. Because we are dealing with authorized gambling, the state may exercise greater control and use the police power in a more arbitrary manner. Hialeah Race Course, Inc. v. Gulf Stream Park Racing Association, 37 So.2d 692 (Fla. 1948). Also, the legislature has historically and traditionally enacted valid general laws which make numerous distinctions among the classifications of various pari-mutuel permittees. Miami Beach Kennel Club, Inc. v. Board of Business Regulation, 265 So.2d 373 (Fla. 3rd DCA 1972).
Accordingly, we hold that the Commission's denial of appellant's application for matinee performances does not violate Section 550.074, Florida Statutes (1981), and the Commission's application and interpretation of the Statute does not constitute a denial of equal protection.
AFFIRMED.
MILLS and WIGGINTON, JJ., concur.