524 So.2d 704 (1988)
STATE of Florida, DEPARTMENT OF ADMINISTRATION, DIVISION OF RETIREMENT, Appellant,
v.
Francis T. MOORE, Appellee.
No. 87-1312.
District Court of Appeal of Florida, First District.
April 26, 1988.
*705 William A. Frieder, Asst. Div. Atty., Div. of Retirement, Tallahassee, for appellant.
James W. Smith, of Smith, Schoder & Rouse, P.A., Daytona Beach, for appellee.
MILLS, Judge.
The Division of Retirement of the Department of Administration appeals from a final order of the State Retirement Commission reversing the Division's determination that Moore was not entitled to special risk membership in the Florida Retirement System. We reverse and remand for reinstatement of the Division's determination.
Appellee Moore is employed as the department head of the Volusia County Department of Corrections and is therefore required to be and is certified by the state as a correctional officer. In January 1985, he applied for membership in the special risk class of the Florida retirement system, alleging that he was a "superintendent or assistant superintendent of a correctional facility." There are three correctional facilities in Volusia County, only two of which are currently operational, the third being closed for renovations. Each facility has a superintendent who is in charge of daily operations, with a fourth, relief superintendent who rotates from institution to institution as he is needed.
In August 1985, the Division of Retirement issued its letter of intent to deny Moore's request. The letter first outlined the requirements for admission to the special risk category for correctional officers as outlined in Section 121.0515(2)(c) Florida Statutes (1985). To be eligible for membership in the special risk class as a correctional officer, the members' primary duties and responsibilities must be the custody, and physical restraint when necessary, of prisoners or inmates within a prison, jail, or other criminal detention facility, or while on work detail outside the facility, or while being transported. Alternatively, the member must be the supervisor or command officer of a member or members who have such responsibilities. Finally, superintendents and assistant superintendents are permitted to participate in the special *706 risk class. Rule 22B-1.0053(2)(c) defines superintendent as "the person directly in charge of the day-to-day operations of a specific correction or detention facility." The letter also noted the statute's specification that no administrative personnel would be admitted to the class. The Division informed Moore that his position questionnaire indicated that he directed the administration of the County Department of Corrections and therefore that his duties were essentially administrative, and that he was not the actual commanding officer or supervisor of special risk members nor was he directly in charge of the day-to-day operations of specific correctional or detention facilities. The letter concluded that the Division intended to deny Moore membership in the special risk class.
In September 1985, the Division issued its final letter of denial. With regard to Moore's contention that he qualified as a member of the special risk class as a "superintendent or assistant superintendent" of a correctional facility, the Division noted that the organizational chart formulated by Moore reflected that a separate individual was "directly in charge" of the detention facilities which it was Moore's position to exercise overall supervision over. His request for membership in the special class was therefore denied, and he was informed of his entitlement to an administrative hearing before the State Retirement Commission.
That hearing was held before a hearing officer and the members of the State Retirement Commission in June 1987. Moore appeared at the hearing, representing himself and also serving as his only witness. In the course of his opening statement, Moore stated that "I feel full responsibility both administratively and operationally and I am expected to respond to riotous situations and I command day-to-day all custodial staff." However, in his sworn testimony as a witness before the tribunal, he defined his duties as responsibility for all correctional functions of the county, and to supervise and command the County Department of Corrections. He further stated that all arrestees were committed to his custody and he was responsible to retain them pursuant to the orders of the court and in that capacity he interacted with inmates on a day-to-day basis. He conceded that there was already a superintendent in the jail in which his office happened to be located, and that the other operational facility had one as well.
Testifying on behalf of the Division of Retirement was Ms. McGlammery, the administrator of the enrollment section at the Division of Retirement, whose duties include the review of special risk applications. After testifying to the statutory and rule criteria for membership of correctional officers in the special risk class, McGlammery pointed out that the organizational chart provided by Moore showed that he was not in direct supervision of anyone at a specific facility and therefore, in the Division's opinion, did not fall under the rule definition of "superintendent".
The State Retirement Commission issued its final order in August 1987. It found as fact that Moore was a member of the Florida retirement system, employed by the Volusia County Correctional Department. He found further that Moore was the corrections administrator of the Volusia County Corrections Department and was required to be and was certified as a correctional officer. The order noted the presence of two operational correctional facilities in Volusia County and found as fact that Moore had responsibility for all correctional functions of these facilities as well as for the administrative functions of the Department. The order specifically relied on Moore's testimony that he supervised officers with the responsibility for the custody and physical restraint of inmates. Based on these facts, the State Retirement Commission found that, although Moore's title was not "superintendent", his job duties were the same and the existence of two correctional facilities rather than one should not distinguish him from other superintendents who would be eligible for membership in the special risk class. The Commission thereupon reversed the Division's determination that Moore did not meet the definition of "superintendent" so *707 as not to be eligible for membership in the special risk class.
It is clear from the application filed by Moore for membership in the special risk class, from the letters of intent to deny and of denial issued by the Division of Retirement and from the final order issued by the State Retirement Commission that the sole basis on which Moore could have been found eligible for membership in the special risk class was his classification as a "superintendent" of a corrections or detention facility. Rule 22B-1.0053(2)(c) defines superintendent as "the person directly in charge of the day-to-day operations of a specific correction or detention facility," (emphasis supplied). With regard to the use of the term "directly" the evidence below was clear that Moore was at least two stages of command away from the superintendent level, of which he admitted there was one at each facility over which he had administrative responsibility.
It was with regard to the term "specific facility" that the Retirement Commission differed from the Division of Retirement, finding that it could mean more than one facility. However, if a term is not defined in a statute or rule, its common ordinary meaning applies. Shell Harbor Group, Inc. v. Department of Business Regulation, 487 So.2d 1141, 1142 (Fla. 1st DCA 1986). Accord Boca Raton Artificial Kidney Center, Inc. v. Dept. of Health and Rehabilitative Services, 493 So.2d 1055, 1057 (Fla. 1st DCA 1986). The term "specific" is not defined in Rule 22B-1.0053. The American Heritage Dictionary of the English Language, 1981 Ed. defines specific as "explicitly set forth; particular; definite." That same source defines particular as "of, belonging to, or associated with a single ... thing" (emphasis supplied). This is consistent with the Division of Retirement's administrative construction of the rule to mean a single facility. Administrative construction of a statute by an agency responsible for its administration is entitled to great weight and should not be overturned unless clearly erroneous. Shell Harbor at 1142; Summersport Enterprises, Ltd. v. Pari-Mutuel Commission, 493 So.2d 1085, 1087 (Fla. 1st DCA 1986).
Based on the foregoing, it seems clear that the Commission's interpretation of the operative rule so as to render Moore eligible for membership in the special risk class was clearly erroneous and not supported by competent substantial evidence. The final order herein is therefore reversed, and the original denial by the Division of Retirement reinstated.
SHIVERS and JOANOS, JJ., concur.