The Honorable Jane Carroll Supervisor of Elections Broward County Broward Governmental Center Fort Lauderdale, Florida 33301
Dear Ms. Carroll:
You ask substantially the following question:
 Does a sign which has the American flag on it satisfy s. 256.011, F.S., which requires each board of county commissioners to provide a flag of the United States for each polling place in the county?
In sum, I am of the opinion:
 In the absence of legislative or judicial clarification, the use of a sign bearing the picture or representation of the American flag would not appear to satisfy s. 256.011, F.S., which requires a board of county commissioners to provide an American flag for each polling place in the county to be properly and prominently displayed at the polling place during the election.
Section 256.011(1), F.S., provides:
 The board of county commissioners of each county in this state shall provide a flag of the United States for each polling place in the county. The flag shall be displayed properly and prominently at all designated polling places on all days when an election is being held.
The board of county commissioners is also required to make flags available to each municipality or governmental body holding an election within the county for each election being held. The municipality or governmental body is responsible for properly and prominently displaying the flag at each such polling place on all days when an election is being held and shall bear the expense of displaying the flag.[1] The county commission is authorized to purchase a sufficient number of flags to carry out the purpose of this act.[2]
According to information provided to this office, the Supervisor of Elections in Broward County has been authorized by the board of county commissioners to purchase the necessary flags to carry out the provisions of s. 256.011, F.S. A question, however, has arisen as to whether a sign carrying the picture of the flag satisfies the requirements of s. 256.011, F.S.
You refer to s. 256.08, F.S., which provides:
 The words "flag," "standard," "color," "ensign," or "shield," as used in ss. 256.05-256.07, shall include any flag, standard, color, ensign or shield, or copy, picture or representation thereof, made of any substance or represented or produced thereon, and of any size, evidently purporting to be such flag, standard, color, ensign or shield of the United States or of this state, or a copy, picture or representation thereof.
Under the above definition, the word "flag" would appear to include a sign panel bearing a picture or representation of the flag of the United States. However, as you note in your letter, the above definition applies only to ss. 256.05-256.07, F.S., and does not by its express terms include the provisions of s.256.011, F.S.[3] Sections 256.05-256.07, F.S., relate to the improper use, mutilation, or disrespect of the United States or state flag, and the exceptions thereto.
The term "flag" for purposes of s. 256.011, F.S., has not to my knowledge been interpreted by the courts. However, it is a general rule of construction that words used in a statute are to be given their plain and ordinary meaning.[4] Generally, the term "flag" has been defined as a "light flexible cloth, usually oblong, and bearing a device or devices to indicate nationality, party, . . . commonly attached to a staff or halyard."[5]
In light of the definition of "flag" and in the absence of judicial or legislative clarification, I am of the opinion that the use of a picture or representation of the American flag on a sign would not satisfy the statutory requirements of s. 256.011, F.S. You may wish, however, to seek legislative clarification on this matter.
Sincerely,
Robert A. Butterworth Attorney General
[1] Section 256.011(2), F.S.
[2] Section 256.011(3), F.S.
[3] Section 256.08, F.S., first appears in the 1941 Florida Statutes. Section 256.011, F.S., was created by s. 1, Ch. 63-227, Laws of Florida.
[4] See, e.g., State v. Cormier, 375 So.2d 852 (Fla. 1979) (words of common usage should be construed in their plain and ordinary sense); State, Department of Administration, Division of Retirement v. Moore, 524 So.2d 704 (1 D.C.A.Fla., 1988) (if a term is not defined in statute or rule, its common ordinary meaning applies).
[5] 36A C.J.S. Flags s. 1; and see, Webster's Third New International Dictionary Flag 862 (unabridged ed. 1981); The Random House Dictionary of the English Language Flag 538 (unabridged ed. 1967) (a piece of cloth, varying in size, shape, color, and design, usually attached at one edge to a staff or cord, and used as the symbol of a nation, state, or organization). Cf., Blacks Law Dictionary Flag 766 (1968 ed.) (a national standard on which are certain emblems; a banner).