Mr. Randy Ludacer Monroe County Attorney 310 Fleming Street, Second Floor Key West, Florida 33040
Dear Mr. Ludacer:
You ask on behalf of Monroe County substantially the following question:
Does the Florida Volunteer Protection Act, Ch. 93-139, Laws of Florida, apply to volunteers for a nonprofit organization who are paid a stipend?
In sum:
Volunteers who receive a stipend would not be covered by the Florida Volunteer Protection Act, Ch. 93-139, Laws of Florida.
The "Florida Volunteer Protection Act" (act) was created as a general volunteer immunity statute, providing immunity from civil liability for acts or omissions resulting in personal injury or property damage by persons who perform volunteer services for nonprofit organizations.[1] Chapter 93-139, Laws of Florida, creating the act, states:
(1) Any person who volunteers to perform any service for any nonprofit organization, including an officer or director of such organization, without compensation, except reimbursement for actual expenses, shall be considered an agent of such nonprofit organization when acting within the scope of any official duties performed under such volunteer services. Such person shall incur no civil liability for any act or omission by such person which results in personal injury or property damage if: (a) Such person was acting in good faith within the scope of any official duties performed under such volunteer service and such person was acting as an ordinary reasonably prudent person would have acted under the same or similar circumstances; and (b) The injury or damage was not caused by any wanton or willful misconduct on the part of such person in the performance of such duties.[2] (e.s.)
For purposes of the act, the term "nonprofit organization" means "any organization which is exempt from taxation pursuant to26 U.S.C. § 501, or any federal, state, or local governmental entity."[3] (e.s.) Thus, those persons providing services to the county who qualify as volunteers under the act would be protected from liability when acting within the scope of their official duties and as a reasonably prudent person would act under similar circumstances.
The Legislature has not defined the term "volunteer" for purposes of the act. It should, therefore, be given its plain and ordinary meaning.[4] The term "volunteer" has been defined as to "give . . . services without any express or implied promise of remuneration."[5] "Remuneration" is synonymous with "pay"[6] or "compensation."[7] The plain language of the law makes its provisions applicable only to those individuals who perform services for the nonprofit organization "without compensation, except reimbursement for actual expenses."
Accordingly, a volunteer who is paid a stipend that does not reflect reimbursement for actual expenses would not be performing the service "without compensation" and would, therefore, be ineligible for the protections of the act.[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Final Bill Analysis and Economic Impact Statement, CS/HB 21, House of Representatives Committee on Judiciary, June 22, 1993.
[2] Section 1, Ch. 93-139, Laws of Florida.
[3] See, s. 1, Ch. 93-139, Laws of Florida.
[4] See, e.g., State, Department of Administration, Division of Retirement v. Moore, 524 So.2d 704 (1 D.C.A. Fla., 1988) (if a term is not defined in a statute or rule, its common ordinary meaning applies).
[5] Black's Law Dictionary (Fifth ed. 1979) Volunteer p. 1413. Cf., s. 110.501(1), F.S., defining "[v]olunteer" to mean "any person who, of his own free will, provides goods or services to any state department or agency, with no monetary or material compensation."
[6] Webster's Third New International Dictionary Remuneration p. 1921 (unabridged ed. 1981).
[7] Black's Law Dictionary (Fifth ed. 1979) Remuneration p. 1165.
[8] You have not asked and, therefore, this opinion does not address whether a volunteer who is paid a stipend would be an employee or agent acting on behalf of the county and covered by s.768.28, F.S. See, AGO 86-65, in which this office discussed whether volunteers transporting students to school activities were employees or agents of the school within the terms of s. 768.28, F.S.