Dear Mr. Burnett:
On behalf of the St. Augustine — St. Johns County Airport Authority, you ask substantially the following question:
Should the St. Augustine — St. Johns County Airport Authority set a millage of zero mill for a taxable year, would section 200.065, Florida Statutes, preclude the authority in a subsequent budget year from setting a millage rate up to .5 mill, the maximum rate authorized pursuant to its charter, by unanimous vote of the authority's board?
In sum:
Section 200.065(5)(a)2., Florida Statutes, authorizes the airport authority to levy millage in excess of 110 percent of the rolled-back rate by unanimous vote of the authority's board or by referendum approval, despite having levied a zero millage rate in the previous year.
All acts relating to the St. Augustine — St. Johns County Airport Authority were codified in Chapter 2002-347, Laws of Florida. The authority, declared to be an independent special district pursuant to Chapter 189, Florida Statutes, is a special taxing district with a board composed of five members designated as its governing body.[1] The authority exercises it powers and jurisdiction within the special taxing district and, in addition to several enumerated powers, is authorized to levy an ad valorem tax not to exceed .5 mill on all taxable property situated within the district.[2]
You question whether the requirements in section 200.065, Florida Statutes, prescribing the method for fixing millage by a taxing authority, affect the district's ability to levy a tax should the district impose no millage during a tax year.[3]
Specifically, section 200.065(5), Florida Statutes, provides:
"Beginning in the 2009-2010 fiscal year and in each year thereafter:
(a) The maximum millage rate that a county, municipality, special district dependent to a county or municipality, municipal service taxing unit, or independent special district may levy is a rolled-back rate based on the amount of taxes which would have been levied in the prior year if the maximum millage rate had been applied, adjusted for change in per capita Florida personal income, unless a higher rate is adopted, in which case the maximum is the adopted rate. . . . A higher rate may be adopted only under the following conditions:
1. A rate of not more than 110 percent of the rolled-back rate based on the previous year's maximum millage rate, adjusted for change in per capita Florida personal income, may be adopted if approved by a two-thirds vote of the membership of the governing body of the county, municipality, or independent special district; or
2. A rate in excess of 110 percent may be adopted if approved by a unanimous vote of the membership of the governing body of the county, municipality, or independent district or by a three-fourths vote of the membership of the governing body if the governing body has nine or more members, or if the rate is approved by a referendum."
The plain language in paragraph (a) establishes a maximum millage rate that may be levied as a "rolled-back rate" based on the taxes that "would have been levied in the prior year if the maximum millage rate had been applied. . . ." The "rolled-back rate" is the rate established by the property appraiser through a method which, excluding certain amounts, will provide the same ad valorem tax revenue for each taxing authority as was levied during the prior year. Should there be a year in which the authority levies no ad valorem taxes, in other words, establishes a zero millage rate, the rolled-back rate for the subsequent year would appear to be zero mill. With a rolled-back rate of zero, the resulting figure when multiplied by any percentage would result in a maximum millage rate of zero, [4] making application of the provisions in section 200.065(5)(a)1., Florida Statutes, literally impossible to apply in order to increase the taxing authority's millage rate.[5]
In a situation where the previous year's millage is zero and the resulting rolled-back rate is zero, however, any increase in the millage rate in a subsequent year would be in excess of 110 percent of the rolled-back rate. Thus, section 200.065(5)(a)2., Florida Statutes, by its plain language applies to any rate increase in excess of 110 percent and would authorize such an increase by a unanimous vote of the board or by referendum approval.[6]
Accordingly, it is my opinion that section 200.065(5)(a)2., Florida Statutes, authorizes the airport authority by unanimous vote of its board or by referendum approval to levy millage in excess of 110 percent of the rolled-back rate, despite having levied a zero millage rate in the previous year.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] See ss. 1 and 3(2), St. Augustine — St. Johns County Airport Authority Charter, recreated by s. 3, Ch. 2002-347, Laws of Fla.
[2] See s. 3(11) of the charter.
[3] Previously, in Op. Att'y Gen. Fla. 07-09 (2007), this office advised that neither the Florida Constitution nor state law mandates that a municipality impose a minimum millage for the levy of ad valorem taxes; rather statutes contemplate that the governing body of a municipality shall establish a millage to raise sufficient revenue, together with the other revenues of the municipality, to provide a balanced budget and for the payment of any outstanding bonds.
[4] Commonly known as the "zero-product property" or "zero-product rule."
[5] See State v. Webb, 398 So. 2d 820 (Fla. 1981) (the law favors a rational, sensible construction of a statute; an interpretation leading to an unreasonable, illogical, or ineffective conclusion should be avoided) See also, City of St.Petersburg v. Siebold, 48 So. 2d 291 (Fla. 1950); Ops. Att'y Gen. Fla. 86-100 (1986); 44-81, Biennial Report of the Attorney General, 1943-44, p. 488 (strong presumption against absurdity in statutory language). See also State v. Iacovone,660 So. 2d 1371, 1372 (Fla. 1995); Shell Harbor Group,Inc. v. Department of Business Regulation, Division of AlcoholicBeverages and Tobacco, 487 So. 2d 1141 (Fla. 1st DCA 1986).
[6] While s. 200.065(5)(a)2., Fla. Stat., also allows the setting of a millage rate in excess of 110 percent of the rolled-back rate with a 2/3 vote of a board consisting of nine or more members, the St. Augustine — St. Johns County Airport Authority's board has five members. See s. 3(3), Ch. 2002-347, Laws of Fla. You indicate in verbal communications with this office that you have contacted the Florida Department of Revenue and been advised that the department agrees with your interpretation that a unanimous vote of the board would allow an increase in the millage levied, even though a previous year's millage had been set at zero.