468 So.2d 413 (1985)
GAR-CON DEVELOPMENT, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL REGULATION, Appellee.
No. BA-342.
District Court of Appeal of Florida, First District.
April 25, 1985.
Rehearing Denied May 31, 1985.
*414 Robert A. Routa of Roberts, Egan & Routa, Tallahassee, for appellant.
B.J. Owens, Asst. Gen. Counsel, Department of Environmental Regulation, Sarasota, for appellee.
THOMPSON, Judge.
Appellant seeks review of an administrative order of the Department of Environmental Regulation (DER) which denied it a permit to construct docks. We reverse.
Gar-Con Development, Inc. (Gar-Con) applied for a permit to construct three docks at its property on the Indian River. It intended to construct the docks on pilings driven into the riverbed. DER notified Gar-Con that it intended to deny the request for the permit because the proposed project would be located in Class II waters approved for shellfish harvesting and FAC Rule 17-4.28(8) prohibits the issuance of dredging or filling permits in such waters. Although FAC Rule 17-4.28(8) does not prohibit or even mention pile driving, DER has by "policy," not by a validly promulgated rule, defined pile driving as "dredging" and counsel for DER admitted it had by "policy," previously defined pile driving as "filling." One of the principal objectives of the Administrative Procedure Act is to prevent state agencies from adopting unpromulgated and often unwritten policies that are to be generally applied and that affect persons regulated by the agency or having a substantial interest in the policy. Another objective is to prevent agencies from changing such policies at will without notice or without following formal rule making procedures.
DER's former policy defining pile driving as "filling" and its current policy defining pile driving as "dredging" are both contrary to its validly enacted rules. FAC Rule 17-4.02(12) defines dredging as follows:
"Dredging" is the excavation, by any means, in waters of the state. It is also the excavation (or creation) of a water body which is, or is to be, connected to any of the waters listed in Section 17-4.28(2) F.A.C. directly or via an excavated water body or series of excavated water bodies.
FAC Rule 17-4.02(15) defines filling as follows:
"Filling" is the deposition, by any means, of materials in waters of the state.
Neither definition contains any reference to pile driving. Dredging is defined as "excavation," by any means, in the waters of the state. The word "excavate" is derived from a latin word meaning to hollow out. Its common, plain and ordinary meaning is to make a cavity or hole in, to dig out, hollow out, to remove soil by digging, scooping out, or other means. The common, plain and ordinary meaning of the *415 word "dredging" is the removal of soil from the bottom of waters by suction or scooping or other means. The common, plain and ordinary meaning of the term "pile driving" is the driving of a long slender member, usually of timber, steel or reinforced concrete, into the ground to carry a vertical load, to resist a lateral force, or to resist water or earth pressure. Pile driving has absolutely nothing to do with the excavation or removal of soil or forming a hole or cavity in the ground.
In interpreting rules or statutes, words should be given their plain and ordinary meaning. Department of Health and Rehabilitative Services v. McTigue, 387 So.2d 454 (Fla. 1st DCA 1980). By no stretch of the imagination can pile driving mean dredging or excavating nor is that a reasonable and permissible interpretation of the word dredging.
DER's policy of defining pile driving as dredging is one of general applicability affecting the substantial rights of persons and as such must be duly promulgated in order to constitute a valid rule. It is not the type of policy referred to in McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977) which the court said could be developed on a case-by-case basis. The policy referred to in McDonald was not a policy of general applicability affecting the substantial rights of the parties.
Section 403.061(29), Fla. Stat., gives DER specific statutory authority to establish by rule special criteria to protect Class II shellfish harvesting waters. If the DER wanted to prohibit pile driving in Class II waters the simple and proper way to do so would have been to promulgate a valid rule prohibiting pile driving in such waters in addition to prohibiting dredging and filling.
The order appealed is REVERSED.
WIGGINTON, J., concurs.
WENTWORTH, J., dissents with written opinion.
WENTWORTH, Judge, dissenting.
I would affirm the order appealed. In the administrative proceeding below appellant challenged DER's position that the driving of pilings in conjunction with the proposed dock project constitutes "dredging" within the meaning of Fla. Admin. Code Rule 17-4.28. Appellant presented testimony suggesting that some experts in the field of engineering do not consider pile driving to be dredging. However, Fla. Admin. Code Rule 17-4.02(12) defines dredging as "excavation, by any means, in waters of the state," and DER has consistently maintained that the soil displacement resulting from pile driving is such excavation as to constitute dredging. While specialized engineering standards might otherwise characterize the activity for some purposes, I would conclude that DER's broader approach is within the permissible range of administrative interpretation and is a proper application of the literal terms of the rule.[1]
NOTES
[1] "Excavate ...: to form a cavity or hole in... ." Webster's Third New International Dictionary (1981).