493 So.2d 1055 (1986)
BOCA RATON ARTIFICIAL KIDNEY CENTER, INC. and Delray Artificial Kidney Center, Inc., Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and West Boca Raton Artificial Kidney Center, Appellees.
No. BJ-390.
District Court of Appeal of Florida, First District.
July 29, 1986.
Rehearing Denied October 2, 1986.
*1056 C. Gary Williams and Stephen C. Emmanuel of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellants.
Richard A. Patterson, Asst. Gen. Counsel, Tallahassee, for appellee Dept. of Health and Rehabilitative Services.
E.G. Boone, Stephen K. Boone, and Peter R. Giroux of Boone, Boone, Klingbeil & Boone, Venice, Eric B. Tilton, Tallahassee, for West Boca Raton Artificial Kidney center.
GARY, WILLIAM L., Associate Judge.
Boca Raton Artificial Kidney Center, Inc. and Delray Artificial Kidney Center, Inc. appeal from a final order of the Department of Health and Rehabilitative Services (HRS) granting a certificate of need (CON) to West Boca Raton Artificial Kidney Center, Inc. for a five-station free-standing hemodialysis facility. We reverse and remand for entry of new recommended and final orders based on the need for additional dialysis stations as demonstrated by 1983-84 population data presented at the previous hearing.
On 13 December 1982, West Boca filed a CON application to establish a seven-station outpatient free-standing hemodialysis center in Palm Beach County, Florida. The application was deemed complete by HRS on 13 February 1983 and was denied on 8 April 1983. West Boca requested a formal administrative hearing on the denial, into which Boca Raton and Delray intervened. Before the hearing could be held, however, West Boca and HRS entered into a settlement wherein they agreed that the application would be granted in return for West Boca's dismissal of the hearing request. Pursuant to this settlement, West Boca voluntarily dismissed the proceeding and HRS issued the CON on 2 July 1984.
Boca Raton and Delray requested a formal hearing on the grant of the CON which, due to various delays, was not held until May 21-22, June 27-28, and July 1-3, 1985. At the outset of the hearing, West Boca introduced an amended application which demonstrated need for the dialysis stations using population data for 1986, which was received by the hearing officer over the appellants' objection based on Rule 10-5.11(18)(a), F.A.C., which provides that "[t]he base period for determining the need for a proposed chronic renal dialysis facility is one year from the date that the application is deemed complete by the department" (emphasis supplied), here 13 February 1983.
On 18 September 1985, the hearing officer recommended that West Boca's application be granted for five stations instead of the applied-for seven. The order addressed appellants' challenge of the use of 1986 data, rejecting the above-quoted rule as "inconsistent with HRS practice and common sense" and stating that "one year from the date of the final hearing was recognized as most appropriate." Appellants filed an exception to this conclusion, relying on Gulf Court Nursing Center v. *1057 HRS, 483 So.2d 700 (Fla. 1st DCA 1985) reh. den. 11 F.L.W. 437 (Fla. 1st DCA 2/21/86), which was critical of the HRS practice of considering CON applications in light of new need data without requiring appropriate amendment. The final order rejected this exception because rehearing was still pending on the Gulf Court decision, and adopted the recommended order granting the CON.
We find no error in appellants' Issues II through V, but reverse and remand based on the hearing officer's apparent reliance on 1986 population data for the required demonstration of need. In interpreting rules, words should be given their plain and ordinary meaning. Car-Con Development, Inc. v. DER, 468 So.2d 413, 415 (Fla. 1st DCA 1985). By no stretch of the imagination can Rule 10-5.11(18), F.A.C., be properly given the meaning relied upon by HRS, despite the appellate deference normally due an agency's statutory interpretations. See DER v. Goldring, 477 So.2d 532, 534 (Fla. 1985). If, as HRS contends, the rule as it reads has proved impractical in operation, it can be amended pursuant to established rulemaking procedures. Absent such amendment, expedience cannot be permitted to dictate its terms.
Appellees argue alternatively that consideration of the 1986 data was proper pursuant to McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977), which held that it is correct for the hearing officer to permit evidence of circumstances as they exist at the time of the hearing. However, this court held in Gulf Court that nothing in McDonald compelled HRS to consider a "new fixed pool of beds" identified after the application under consideration had been completed and denied, in the absence of appropriate amendment. Gulf Court at 1987.
While Gulf Court was specifically concerned with the HRS practice of permitting an application, filed in one batching cycle and directed to one pool of need, to be granted in relation to a new pool nonexistent at the original application, the HRS practice herein is virtually identical. In this case, HRS justified its grant of the CON using need that arose outside of and after the "pool of need" fixed by Rule 10-5.11(18), F.A.C., at one year after the original application was deemed complete. We find, and HRS conceded as much at oral argument, that Gulf Court requires the use of the rule as written and not as HRS has seen fit to modify it.
Finally, appellees urge that even if use of the 1986 data was error, it was harmless because the same need was indicated using the correct data. However, neither the voluminous record nor the orders entered herein enable us to make that determination with any certainty. Therefore, the grant of the CON is reversed, and the case remanded for entry of a new recommended order on West Boca's application which is based on the need shown by 1983-84 population data as received into evidence at the previous hearing. The parties shall be permitted to file exceptions thereto prior to entry of a final order on the application.
Reversed and remanded.
WENTWORTH and NIMMONS, JJ., concur.