The Honorable Curtis A. Golden State Attorney First Judicial Circuit of Florida Post Office Box 12726 Pensacola, Florida 32575
Dear Mr. Golden:
You have asked substantially the following questions:
 1) Does Rule 2-19.005(16), F.A.C., require a motor vehicle dealer, when advertising the price of a motor vehicle, to include those pre-delivery charges specified in paragraphs (17)-(20) of the rule which may be paid by the customer in the advertised price, or may the dealer "add on" those charges to the advertised price?
 2) Are the prices posted on the vehicles themselves, either on a window sticker, painted on the windshield or otherwise, considered to be advertisements within the meaning of Rule 2-19.005(16), F.A.C.?
 3) May a motor vehicle dealer who complies with paragraphs (18) and (19) of Rule 2-19.005, F.A.C., disclose pre-delivery charges by advertising the price as "plus taxes, tags, registration and title fees, plus pre-delivery charges"?
 4) Does the exemption in Rule 2-19.005(16), F.A.C., for state and local taxes, tags, registration and title fees include a "registration" fee charged by the motor vehicle dealer for processing the paperwork for tags and title work?
In sum, I am of the opinion that:
 1) Since a motor vehicle dealer is expressly precluded from charging a customer for any pre-delivery service required by and reimbursed by the manufacturer, distributor or importer, the dealer may not "add on" those reimbursed charges to the advertised price. With the exception of those charges or fees specifically exempted in Rule 2-19.005(16), F.A.C., a motor vehicle dealer, if authorized to impose pre-delivery charges upon the customer pursuant to Rule 2-19.005(17)-(20), F.A.C., must include those charges in the advertised price.
 2) The prices posted on the vehicles themselves, either on a window sticker, painted on the windshield or otherwise, are advertisements if posted for the purpose of selling or disposing of the vehicle or to induce a customer to enter into an obligation relating to the vehicle. Such advertised prices, therefore, must comply with the requirements of Rule 2-19.005(16), F.A.C.
 3) A motor vehicle dealer who complies with Rule 2-19.005(18) and (19), F.A.C., may not disclose pre-delivery charges by advertising the price "plus taxes, tags, registration and title fees, plus pre-delivery charges."
 4) A fee or charge imposed by a motor vehicle dealer for handling the paperwork is not a registration fee within the meaning of Rule 2-19.005(16), F.A.C., excluding such charges from the advertised price. Such a fee, therefore, must be included within the advertised price.
Question One
Section 501.205(1), F.S., requires the Department of Legal Affairs to promulgate rules prohibiting acts or practices which violate Part II, Ch. 501, F.S., the Florida Deceptive and Unfair Trade Practices Act.[1] Pursuant to this authority, the department adopted Rule 2-19.005, F.A.C., implementing the provisions of s.501.204, F.S.[2]
Paragraph (16) of Rule 2-19.005, F.A.C., provides that it is an unfair or deceptive act or practice for a motor vehicle dealer[3]
(hereafter dealer) to:
 Advertise the price of a motor vehicle unless the vehicle is identified as to year, make, model, and the commonly accepted trade, brand, or style name. In addition, the advertised price must include all fees or charges which the customer must pay for the vehicle, including but not limited to, "freight" or "destination charge," "dealer preparation," and "undercoating," or "rust-proofing." State and local taxes, tags, registration and title fees, unless otherwise required by local law or standard, need not be disclosed in the advertisement. When two or more dealers advertise jointly, with or without participation of the franchisor, the advertised price need not include those fees and charges which are variable among the individual dealers cooperating in the advertisement, but the nature of all such charges which are not included in the advertised price must be disclosed in the advertisement. (e.s.)
You ask whether a dealer, when advertising the price of a motor vehicle, can "add on" the charges specified in paragraphs (17)-(20) of Rule 2-19.005, F.A.C. Paragraphs (17)-(20) relate to and condition the imposition of certain pre-delivery charges by dealers.
Rule 2-19.005(17), F.A.C., provides that it is an unfair or deceptive act or practice for a dealer to charge a customer money for any pre-delivery service required by the manufacturer, distributor or importer to the extent that the dealer is reimbursed by the manufacturer, distributor or importer. Since the dealer is expressly precluded from charging the customer for these reimbursed charges, I am of the opinion that the dealer may not "add on" these reimbursed pre-delivery charges to the advertised price.[4]
Paragraphs (18) and (19) of the Rule 2-19.005, F.A.C., provide that it is an unfair or deceptive act or practice for a motor vehicle dealer to:
 (18) Charge a customer money for any pre-delivery service without having printed on all documents which include a line item for said pre-delivery service, the following disclosure: "This charge represents costs and profit to the seller/dealer for items such as inspecting, cleaning and adjusting new and used vehicles and preparing documents related to the sale."
 (19) Where the motor vehicle under consideration by a prospective purchaser is available for physical inspection by the purchaser, the motor vehicle dealer may attach a conspicuous sticker to the window of a motor vehicle specifying any charge for pre-delivery services for that motor vehicle and describing said charge as pre-delivery services, delivery and handling, dealer preparation, or words of similar import, along with the motor vehicle dealer's charge for each dealer installed option and a total price line.
Paragraph (20) also limits what charges may be imposed by a dealer. The paragraph provides that if the dealer discloses the pre-delivery charge in the manner set forth in paragraph (19), "the motor vehicle dealer shall not charge or set forth an itemized separate or additional charge for pre-delivery service charge on any sales documents."
The above subsections specify certain conditions for the imposition of pre-delivery charges. Paragraph (16) of the rule, however, does not provide what charges may be imposed but rather specifies what charges must be included within the advertised price if imposed on the customer.
In interpreting rules, words should be given their plain and ordinary meaning.[5] Pursuant to paragraph (16), the advertised price must include all fees or charges which the customer must pay for the vehicle.[6] The only exceptions recognized in the rule are for state and local taxes, tags, registration and title fees unless otherwise required by local law or standard or when two or more dealers advertise jointly.
I am, therefore, of the opinion that except for those charges or fees specifically exempted in Rule 2-19.005(16), F.A.C., a motor vehicle dealer, if authorized to impose pre-delivery charges upon the customer pursuant to Rule 2-19.005(17)-(20), F.A.C., must include those charges in the advertised price.
Question Two
Rule 2-7.001, F.A.C., defines the terms "advertising" or "advertisement," as used in all rules and regulations promulgated under Part II, Ch. 501, F.S., to mean:
 [A]ny statements, oral or written, or illustration disseminated to the public, for the purpose, either directly or indirectly, of selling or disposing of real or personal property or services of any nature whatsoever, professional or otherwise, or to induce members of the public to enter into any obligation relating to such property or services. The terms advertising or advertisement include the name under which business is done.
As stated supra, in interpreting rules, the words used in the rule are to be given their plain and ordinary meaning.[7] Thus, any form of posted price on a motor vehicle, when done in a manner to sell or induce the customer to enter into an obligation relating to the vehicle, is an "advertisement" subject to Rule2-19.005(16), F.A.C.
Accordingly, the prices posted on the vehicles themselves, either on a window sticker, painted on the windshield or otherwise, are advertisements if posted for the purpose of selling or disposing of the vehicle or to induce a customer to enter into an obligation relating to the vehicle. Such advertised prices, therefore, must comply with the requirements of Rule 2-19.005(16), F.A.C.
Question Three
As more fully discussed in Question One, Rule 2-19.005(16), F.A.C., requires that the advertised price of a motor vehicle, except as provided therein, must include all fees or charges which the customer must pay for the vehicle. Paragraphs (18) and (19) of the rule impose certain conditions for the imposition of pre-delivery charges; they do not, however, alter or otherwise modify the mandate contained in Rule 2-19.005(16), F.A.C.
While paragraph (16) exempts state and local taxes, tags, registration and title fees from the disclosure requirements, the pre-delivery charges specified in paragraphs (18) and (19) do not fall within those enumerated exceptions.
Your question does not indicate that two or more dealers are advertising jointly. Accordingly, I cannot conclude that the exception in paragraph (16) for joint advertisements by two or more dealers is applicable. Where two or more dealers advertise jointly, the advertised price need not include those fees or charges which are variable among the individual dealers cooperating in the advertisement provided that the nature of all such charge not included are disclosed in the advertisement. The rule, however, would appear to require a more detailed notice of those charges being imposed than merely a general designation of "pre-delivery" charges.
Therefore, I am of the opinion that a motor vehicle dealer who complies with Rule 2-19.005(18) and (19), F.A.C., may not disclose pre-delivery charges by advertising the price "plus taxes, tags, registration and title fees, plus pre-delivery charges."
Question Four
Rule 2-19.005(16), F.A.C., states that it shall be an unfair or deceptive act or practice for a motor vehicle dealer to advertise the price of a motor vehicle unless the advertised price includes all fees or charges which the customer must pay for the vehicle. Under the rule, state and local taxes, tags, registration and title fees, unless otherwise required by local law or standard, need not be disclosed in the advertisement.
The rule appears to contemplate that excluded from the advertised price are those fees levied or assessed by a governmental entity rather than those charges by the dealer for processing the paperwork necessary to procure the tag and title, regardless of the name given such a charge by the dealer. It is the nature of the fee rather than its name which determines whether the exemption is applicable. Accordingly, I am of the opinion that any fee or charge imposed by the dealer for handling the paperwork, regardless of its being designated as a "registration" fee by the dealer, must be included within the advertised price.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Pursuant to s. 501.201(1), F.S., the rules are to be proposed by the department to the Governor and Cabinet and, if approved by majority vote of the Governor and Cabinet, adopted by the department.
[2] Section 501.204(1), F.S., provides that unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.
[3] See, Rule 2-19.001(4), F.A.C., defining "[m]otor vehicle dealer" to mean:
 [E]very individual, corporation, partnership or other business enterprise primarily engaged in the trade or commerce of buying, selling, or exchanging new or used motor vehicles, and who may hold a sales and service selling agreement from a manufacturer or distributor of motor vehicles, and who has an established place of business in the State of Florida, and who is licensed by the Department of Highway Safety and Motor Vehicles in the State of Florida.
[4] See, Rule 2-19.005(21), F.A.C., stating that it is an unfair or deceptive act or practice for a motor vehicle dealer to engage in any activity that is misleading or deceptive.
[5] See, Boca Raton Artificial Kidney Center, Inc. v. Department of Health and Rehabilitative Services, 493 So.2d 1055 (1 D.C.A.Fla., 1986); Gar-Con Development, Inc. v. State, Department of Environmental Regulation, 468 So.2d 413 (1 D.C.A.Fla., 1985).
[6] See, Blacks Law Dictionary, pp. 98 and 1171 (4th rev. ed. 1968), respectively defining "All" ("the whole of . . . each one of") and "Must" ([t]his word, like the word `shall,' is primarily of mandatory effect").
[7] See, Gar-Con Development, Inc. v. State, Department of Environmental Regulation, supra; and Boca Raton Artificial Kidney Center, Inc. v. Department of Health and Rehabilitative Services, supra.