George W. Baldwin Attorney for Village of North Palm Beach
QUESTION:
1. Do the provisions of s. 164.106, F.S., apply to settlements of governmental disputes or to any lawsuit filed against a municipality?
2. Do the provisions of s. 164.106, F.S., apply when the individual members of the city council are sued or when the city as a corporate body is sued?
3. Does "public notice" require publication in a newspaper of general circulation within the county?
SUMMARY:
1. The provisions of s. 164.106, F.S., apply to the settlement of any suit in which the governing body of a county or municipality is a defendant.
2. The provision of s. 164.106, F.S., apply when the city as a corporate body is sued.
3. The "public notice" provision in s. 164.106, F.S., does not require publication in a newspaper of general circulation within the county although such publication provides an effective means of providing such notice.
AS TO QUESTION 1:
Chapter 164, F.S. the Florida Governmental Cooperation Act,[1]
creates a process for resolving governmental disputes. Its purpose is to provide an "equitable, expeditious, effective, and inexpensive method for resolution of disputesbetween and among counties and municipalities."[2]
(e.s.) The act requires the governing body of a county or municipality to notify the potential defendant county or municipality of its intention to file suit at least 45 days prior to filing suit.[3] A county or municipality, receiving such notice, is required to hold a public hearing within 30 days after receipt of the notice.[4]
Section 164.106(1), F.S., provides:
 In any suit filed wherein the governing body of a county or municipality is a defendant, no settlement have been the subject of a public hearing held after the county or municipality so sued gives due public notice.[5]
Section 164.106(1), F.S., does not refer to suits filed by a county or municipality against another county or municipality but to any suit in which the governing body of a county or municipality is a defendant. The term "any" is comprehensive and has been held to mean "any and all," "all or every," or "every."[6]
Section 164.106, F.S., however, was adopted as a part of Ch. 164, F.S., the Florida Governmental Cooperation Act.[7]
As expressly stated by the Legislature, the purpose of this act is to provide an expeditious, effective, equitable way of resolving disputes between and among counties and municipalities.
You, therefore, ask whether it was the Legislature's intent that s. 164.106, F.S., apply only to settlements of governmental disputes between and among counties or whether it applies to nay suit against a municipality.
An examination of the legislative history surrounding the enactment of Ch. 164, F.S., indicates that s. 164.106, F.S., was not part of the original bill, SB 593, but that the statute was added by the Senate Committee on Governmental Operations during its consideration of SB 593. The amended bill was then passed by the Senate committee on Governmental Operations as a committee substitute.[8] A review of the records of the committee meeting indicates that the purpose of this statute was to require a public hearing on the settlement of any suit in which the county or municipality is a defendant, not merely those suits between and among counties and municipalities.[9]
It is well established that the controlling factor in construing statutes is legislative intent.[10] Moreover, in interpreting a statute, words are to be given their plain and ordinary meaning.[11] Section 164.106, F.S., refers toany suit in which a county or municipality is a defendant and does not limit the statute's application to those actions between and among counties and municipalities. In light of the language of s. 164.106, F.S., and the legislative history surrounding its enactment, I am of the opinion that s. 164.106, F.S., applies to the settlement of any suit in which the governing body of a county or municipality is a defendant.[12]
AS TO QUESTION 2:
Section 164.106(1), F.S., refers to suits the "governing body" of a municipality or county is a defendant. You ask whether the statute applies when the individual members of a city council are sued or when the city as a corporate body is a defendant.
As The Supreme Court of Florida recognized in Turk v. Richard,[13]
the powers of a municipality are generally vested in a city council or other such governing body chosen by the electors who act for the city:
The governing body of a municipality can act validly only when it sits as a joint body at an authorized meeting duly assembled pursuant to such notice as may be required by law; for the existence of the council is as a board of entity and the members of the council can do no valid act except as an integral body. . . . [T[he individual or separate acts of a member or the unofficial agreements of all or a part of the members of the council are ineffectual and without binding force . . . . (emphasis supplied by Court)
A review of the legislative history surrounding the enactment of s. 164.106(1), F.S., indicates that the purpose of the settlement of a suit in which "a local government was the defendant."[14]
Moreover, s. 164.106(2), F.S., in authorizing a settlement at a public meeting subject to s. 286.011, F.S., when an emergency exists, refers to "[a] local government" settling the suit, not to an individual member of the governing body of the city or county.
Accordingly, I am of the opinion that the provisions of s. 164.106, F.S., apply when the city is sued as a corporate body.
AS TO QUESTION 3:
Section 164.106(1), F.S., provides that no settlement may be entered into until the terms of the settlement have been discussed at a public hearing after the county or municipality so sued gives due public notice. You ask whether the notice provision requires publication in a newspaper of general circulation within the county or whether the city may post notice and otherwise follow the notice requirements of its code of ordinances.
The legislative history surrounding the enactment of s. 164.106, F.S., indicates that the purpose of the statute is to prevent the settlement of suits by the governing body of a city or county without first holding a public hearing on the terms of the settlement.[15] A limited exception exists when there is an emergency which would preclude the city or county from holing a public hearing on the settlement. In such cases, the local government may settle a case at a public meeting subject to s.286.011, F.S., provided it records in the minutes of the meeting the reasons why an emergency exists.[16]
The term "due public notice" is not defined for purposes of Ch.164, F.S. The staff analysis, however, considering the economic impact and fiscal note of the legislation codified as Ch. 164
F.S., states that "[a]ll municipalities and counties will incur the normal costs associated with holding a public meeting."[17]
(e.s.)
Thus, the notice required for meetings held pursuant to Ch. 164, F.S., would appear to be similar to the notice already required for public meetings under state law or local code. Under the Government in the Sunshine Law, s. 286.011, F.S., the courts have determined that due or reasonable notice is required for meetings of public boards or commission. The type of notice under s.286.011, F.S., is variable depending upon the facts of the situation and the board involved. This office, however, has stated that the notice must be given at such time and in such a manner as will enable interested members of the public to attend if they wish to do so.[18] While the Sunshine Law does not require publication, this office has recognized that on matters of critical public concern, advertising in the local newspaper is appropriate.[19]
While I am aware that the term "due public notice" is defined in s. 163.3164(17), F.S., for purposes of the Local Government Comprehensive Planning and Land Development Regulation Act, as requiring publication in a newspaper of general circulation,[20]
such a definition is not necessarily controlling. Notice requirements for zoning and land regulations often require publication.[21] As discussed above, the legislative history of Ch. 164, F.S., does not indicate that the Legislature sought to impose any greater or more stringent notice requirements that those already required under state law or local code. Moreover, had the Legislature wished to require publication, it easily could have so provided.
Therefore, I am of the opinion until legislatively clarified that the "due public notice" requirement of s. 164.106, F.S., does not require publication in a newspaper of general circulation within the county although such publication provides an effective means of providing such notice.
RAB/tjw
[1] Section 164.101, F.S.
[2] Section 164.102, F.S.
[3] Section 164.103(1), F.S.
[4] Section 164.103(2), F.S. The governing body of the county or municipality giving notice and the governing body of the county or municipality receiving notice are required to discuss the proposed litigation at the meeting in an effort to amicably settle the controversy. Failure by a county or municipality receiving notice to hold a public meeting subjects that county or municipality to payment of the attorney fees and costs of the county or municipality which has filed suit in that proceeding. Section 164.104, F.S. But see, s. 164.103(3), F.S., stating that if the county or municipality finds that an immediate danger to the health, safety, or welfare of the public requires immediate action, no notice or public meeting, as provided in s. 164.103, F.S., shall be required before the suit is filed.
[5] But see, s. 164.106(2), F.S., authorizing a local government to settle a case at a public hearing subject to s.286.011, F.S., where it records in the minutes the reasons for which an emergency exists which precludes the local government from holding a public hearing on the settlement.
[6] See, 3A C.J.S. p. 904 Any; Black's Law Dictionary Any 120 (Rev. ed. 1968) ("one out of many; . . . [a]nd is given the full force of `every' or `all `"); Webster's Third New International Dictionary Any 97 (unabridged ed. 1981).
[7] See, Ch. 87-346, Laws of Florida, codified as Ch.164, F.S.
[8] See, Senate Staff Analysis and Economic Impact Statement on SB 593, April 22, 1987.
[9] See, Tape 1, committee on Governmental Operations, Florida Senate, April 22, 1987, in which Senator Johnson proposed the amendment to require public hearings on any settlement of a suit in which a local government was a defendant. The senator indicated that "what has happened in numerous cases in this state hand happened in [his] county three times on zoning, is that [his] county denied zoning petitions; they then were sued in court, and two years later without any notice to anybody they surrendered and gave everything . . . the developer wanted under the zoning petition. There was never a hearing on that issue and the people didn't even know about it until after the judgement was recorded."
[10] See, e.g., Lowry v. Parole and Probation Commission, 473 So.2d 1248 (Fla. 1985) (where reasonable differences arise as to the meaning or application of a statute, the legislative intent must be the polestar of construction); Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc.,434 So.2d 879 (Fla. 1983) (intent of the Legislature is the law).
[11] See, e.g., St. Petersburg Bank Trust co. v. Hamm, 414 So.2d 1071 (Fla. 1982) (legislative intent controls construction of statute; such intent is determined primarily form the language of the statute with plain meaning of language used to be the first consideration); Gar-Con Development, Inc. v. Department of Environmental Regulation, 468 So.2d 413 (1 D.C.A. Fla., 1985), review denied, 479 So.2d 117 (Fla. 1985).
[12] Cf., s. 69.081, F.S., the Sunshine in Litigation Act.
[13] 47 So.2d 543 (Fla. 1950).
[14] See, Tape 1, Committee on Governmental Operations, Florida Senate, April 22, 1987, Senator Johnson proposing the amendment (later codified as s. 164.106) to SB 593.
[15] See, Tape 1, Committee on Governmental Operations, Florida Senate, April 22, 1987, in which Senator Johnson states the language "says that you cannot settle a lawsuit against a governmental entity without first holding a public hearing on the terms and provisions of that settlement so that the public will be advised on what they're getting into when the government signs that order."
[16] Section 164.106(2), F.S.
[17] Senate Staff Analysis and Economic Impact Statement on CS/SB 593, dated May 7, 1987.
[18] See, e.g., AGO's 73-170 and 80-78.
[19] Inf. Op. to W.W. Caldwell, Jr., February 10, 1975;and see, Government in the Sunshine Manual , 1991 edition, p. 33.
[20] See, s. 163.3164(17), F.S.("due public notice" means "publication of notice of the time, place, and purpose of such hearing at least twice in a newspaper of general circulation in the area, with the first publication not less than 14 days prior to the date of the hearing and the second to be at least 5 days prior to the hearing").
[21] See, e.g., s. 166.041(3)(c), F.S., prescribing the procedures for adoption of zoning ordinances by municipalities and s. 125.66(5)(b), F.S., relating to counties.