712 So.2d 457 (1998)
CADCO BUILDERS, INC. and ITT Hartford, Appellants,
v.
Ethan ROBERTS, Appellee.
No. 98-867.
District Court of Appeal of Florida, First District.
June 17, 1998.
H. George Kagan, and Elliott B. Kula, Miller, Kagan, Rodriguez & Silver, West Palm Beach, for appellants.
Bill McCabe, Shepherd, McCabe & Cooley, Longwood, for appellee.
PER CURIAM.
Ethan Roberts, claimant in workers' compensation proceedings below, sought permanent total disability and other benefits. The employer/carrier (e/c) raised a number of defenses, including an assertion that the claimant was an independent contractor who *458 was ineligible for benefits under the employer's workers' compensation policy. A hearing was held and the Judge of Compensation Claims (JCC) rendered an order in favor of the claimant on this defense. The order includes the following pertinent language:
At the commencement of the final hearing the parties jointly moved (a) for bifurcation of the case to allow the hearing to proceed only regarding the issue of compensability; and (b) for the undersigned to reserve jurisdiction regarding all claims, benefits and issues other than the issue of compensability. In the interest of judicial economy and efficiency, due to the financial concerns of the litigants in reducing the cost of further discovery and after giving consideration to the substantial amount and variety of benefits that are in dispute, the undersigned Judge of Compensation Claims granted the motions regarding bifurcation and reservation of jurisdiction.
The e/c timely appealed this order. On this court's own motion, appellants were directed to show cause why the appeal should not be dismissed for lack of jurisdiction as it appeared the order was neither a final order nor an appealable nonfinal order. Appellants responded, taking the position that this appeal was authorized by Florida Rule of Appellate Procedure 9.180(b)(1)(C). We disagree and, accordingly, dismiss this appeal for lack of jurisdiction.
The aforementioned rule of appellate procedure authorizes an appeal of an interlocutory workers' compensation order that adjudicates compensability:
provided that the order expressly finds an injury occurred within the scope and course of employment and that claimant is entitled to receive causally related benefits in some amount, and provided further that the lower tribunal certifies in the order that determination of the exact nature and amount of benefits due to claimant will require substantial expense and time.
Thus, Rule 9.180(b)(1)(C) provides that the lower tribunal, in order to render an appealable nonfinal order, must certify that determination of the nature and amount of benefits due the claimant "will require substantial expense and time." In the case at bar, the JCC noted that the parties were interested in reducing the cost of further litigation and that, in deciding to bifurcate proceedings, he gave consideration to the substantial amount and variety of benefits in dispute. He did not, however, expressly certify that determination of those benefits will require substantial expense and time.
Interlocutory appeals do not enjoy a favored status in the appellate forums of this state. See Travelers Insurance Co. v. Bruns, 443 So.2d 959, 961 (Fla.1984) ("appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment"). We therefore strictly construe Florida Rule of Appellate Procedure 9.180(b)(1)(C) and hold that the JCC must make a certification which clearly conforms to the prerequisites of the rule in order to render an appealable nonfinal order. As the order in the instant matter does not satisfy this requirement, it is not an appealable order and we lack jurisdiction to review it. Accordingly, this appeal is DISMISSED.
ERVIN, BOOTH and VAN NORTWICK, JJ., concur.