771 So.2d 1279 (2000)
George WENTWORTH, Appellant,
v.
STATE of Florida DEPARTMENT OF ENVIRONMENTAL PROTECTION, Kenneth And Lynda Urban and Howard and Eugenia Vogel, Appellees.
No. 4D99-3809.
District Court of Appeal of Florida, Fourth District.
November 29, 2000.
Stephen A. Hilger of Rhoades, McKee, Boer, Goodrich & Titta, Grand Rapids, Michigan, and William E. Guy, Jr., of the Law Offices of William E. Guy, Jr., Stuart, for appellant.
M.B. Adelson, IV, Senior Assistant General Counsel, Tallahassee, for appellee State of Florida Department of Environmental Protection.
Virginia P. Sherlock of Littman, Sherlock & Heims, P.A., Stuart, for appellees Kenneth and Lynda Urban.
STEVENSON, J.
Appellant, George Wentworth, owns residential property on Hutchinson Island in Stuart, Florida. His property is adjacent to Indian River Lagoon, which is designated as an Outstanding Florida Water, a State Aquatic Preserve, and is entitled to special water quality protection.[1] Wentworth sought permission to construct a single-family dock structure consisting of an access pier through the mangroves leading to a terminal platform and boathouse. This is an appeal of an Amended Final Order of the Department of Environmental *1280 Protection (DEP), which granted in part Wentworth's request for consent to construct his boat docking facility over sovereign submerged lands. After a careful review of the record, and for the straightforward reasons outlined in DEP's amended final order, we affirm.
We write primarily to address the issue of notice. In particular, we agree with DEP's determination that the objecting neighbors' entry into these administrative proceedings was timely even though Wentworth had already begun to build the dock. The Urbans and the Vogels, as substantially affected persons, never received notice of the initial letter by the Department purporting to give Wentworth consent to construct the dock over sovereign lands, and Wentworth did not publish notice in a newspaper of general circulation, as he was advised that he could do in DEP's letter. See Fla. Admin. Code R. 62-110.106(10)(a). Due process considerations in this case run not only to Wentworth, in his attempt to obtain consent to build the dock, but also to his neighbors who would be substantially affected by the construction.
Wentworth received acknowledgment of his request for a noticed general permit[2] and a related consent to use sovereign submerged lands to build his proposed dock through a letter by DEP dated September 23, 1998. Wentworth relied on Rule 62-341.427 as the noticed general permit authority for his project. Because the dock was to be located on sovereign submerged lands, authorization by noticed general permit was not enough for Wentworth to commence construction; agency consent was also required.[3]See § 253.77(1), Fla. Stat. (1999); Fla. Admin. Code R. 62-341.215(6).[4]
Wentworth received the notice of the agency action granting him consent to use sovereign submerged lands, but his neighbors did not. The September 23 letter from DEP contained the following:
NOTICE OF RIGHTS OF SUBSTANTIALLY AFFECTED PERSONS
Be advised that your neighbors and other parties who may be substantially affected by the proposed activity allowed under this determination of exemption have a right to request an administrative hearing on the Department's decision that the proposed activity qualifies for this exemption. If an administrative hearing is timely requested by a substantially affected person, the finding that the proposed activity qualifies for this exemption must be considered, and it is possible that the hearing could result in a determination that the proposed activity does not qualify for the exemption. Under Rule 28-106.111, F.A.C., a request for such an administrative hearing must be filed with the *1281 Department's Clerk in the Office of General Counsel within 21 days of either: (a) publication of notice in a newspaper of general circulation in the county where the activity is to take place; or (b) the substantially affected person's receipt of written notice .... (emphasis in original).
Neither the Vogels nor the Urbans received written notice, and Wentworth did not arrange for publication of the notice. It was uncontroverted that the Urbans and the Vogels promptly disputed Wentworth's right to build the dock as soon as they had actual notice. The Vogels and Urbans challenged the permit on grounds that the dock structure violated width, elevation, square footage, plank spacing and light penetration requirements of Florida Administrative Code Rules 18-20.004 and 62-341.427, and that there was no valid consent to use sovereign submerged lands in violation of Florida Administrative Code Rule 62-341.215. After an administrative hearing and a review of the recommended order, DEP, for the most part, ruled in the petitioners' favor and approved Wentworth's permit with certain modifications. We find no error in DEP's resolution of the issues presented on the merits.
The First District aptly described the notice dilemma frequently posed by the informal aspects of the administrative process:
Without summary letters, telephone calls, and other conventional communications, the wheels of government would surely grind to a halt. The vast majority of an agency's free-form decisions become conclusive because they are not challenged in Section 120.57(1) or (2) proceedings. Yet the agency's rules must clearly signal when the agency's free-form decisional process is completed or at a point when it is appropriate for an affected party to request formal proceedings.... [A]n agency must grant affected parties a clear point of entry, within a specified time after some recognizable event in investigatory or other free-form proceedings, to formal or informal proceedings under Section 120.57.
Capeletti Bros. v. Florida Dep't of Transp., 362 So.2d 346, 348 (Fla. 1st DCA 1978). See, e.g., Florida Dep't of Envtl. Protection v. P Z Constr. Co., 633 So.2d 76, 78 n. 4 (Fla. 3d DCA 1994); Florida Optometric Ass'n v. Department of Prof'l Regulation, 567 So.2d 928, 935 (Fla. 1st DCA 1990).
Since the Urbans and the Vogels were not sent written notice of the agency action and Wentworth did not publish such notice, Wentworth's neighbors were denied "a clear point of entry" until they actually saw the construction taking place. Wentworth, at his own peril, continued to build the structure despite a stop-work order entered by DEP after the challenge to the consent was formally made.
Since persons whose substantial interests are affected by a Department decision may petition for an administrative proceeding within the time provided in this rule (at subsection (3) above) after receipt of notice of agency action, and since receipt of such notice can occur at any time unless notice is given or published as prescribed in this rule, the applicant or other person requesting a particular action by the Department cannot justifiably rely on the finality of the Department's decision unless the notice has been duly published or otherwise provided to all persons substantially affected by the decision.
Fla. Admin. Code R. 62-110.106(10)(a).
We have considered the other issues raised on appeal and find no error.
AFFIRMED.
WARNER, C.J., and OFTEDAL, RICHARD L., Associate Judge, concur.
NOTES
[1] See Fla. Admin. Code R. 62-302.700(9)(h)20 (listing Jensen Beach to Jupiter Inlet in Martin, Palm Beach, and St. Lucie counties as a State Aquatic Preserve).
[2] A "noticed general permit" is a type of permit for a particular activity within specific parameters which has essentially been pre-approved by rule. Florida Administrative Code Rule 62-343.090(1)(d) provides that the "applicant may conduct the activity authorized by the noticed general permit," unless the Department notifies the applicant by mail within 30 days that the activity does not qualify for the noticed general permit.
[3] Florida Administrative Code Rule 62-341.215 provides in pertinent part:

(3) This general permit does not eliminate the necessity to obtain any required federal, state, local and special district authorizations prior to the start of any construction... authorized by this permit.
[4] Wentworth argues that the authorization for his noticed general permit was the Florida Air and Water Pollution Control Act, chapter 403, rather than the Florida Water Resources Act of 1972, chapter 373. Appellee maintains that the Florida Environmental Reorganization Act of 1993, Chapter 93-213, Laws of Florida, consolidated regulations governing wetland protection and permitting of wetland impacts into chapter 373 and transferred the relevant sections of chapter 403, relating to wetland permitting, to chapter 373. We need not decide this issue since, regardless of which statute served as the specific enabling statute for the NGP at issue, the state's proprietary consent to use sovereign submerged lands was required.