824 So.2d 992 (2002)
Edmund and Charlotte ACCARDI, Appellants,
v.
DEPARTMENT OF ENVIRONMENTAL PROTECTION and Hillsboro Shores Improvement Association, Inc., Appellees.
No. 4D01-4382.
District Court of Appeal of Florida, Fourth District.
August 28, 2002.
*994 Shanell M. Schuyler of Welch, Finkel & Schuyler, Pompano Beach, for appellants.
Francine M. Ffolkes, Senior Assistant General Counsel, Tallahassee, for appellee Department of Environmental Protection.
STEVENSON, J.
Edmund and Charlotte Accardi (the Accardis) timely appeal the Final Order of the Department of Environmental Protection (DEP) dismissing with prejudice their amended petition. The Accardis' petition sought an administrative hearing to challenge DEP's issuance of a coastal construction control line permit to the Hillsboro Shores Improvements Association, Inc. (HSIA). We reverse DEP's order of dismissal.
DEP issued a permit to HSIA for the purpose of building a deck and ramp on property located in Pompano Beach, Florida. The Accardis, adjacent property owners, allege that they were never notified by DEP of the issuance of HSIA's permit. DEP contends, however, that it sent a notification letter to the Accardis on November 6, 2000, instructing that a request for administrative hearing to challenge the issuance of the permit must be filed with DEP within twenty-one days of receipt of the notification letter. According to the Accardis, they never received the letter and only discovered that a permit had been issued on or about December 14, 2000.[1]
The Accardis then filed a petition requesting an administrative hearing on December 30, 2000, nineteen days after their claimed notification. In the petition, the Accardis alleged that DEP failed to send them written notice regarding the issuance of the permit, that HSIA failed to publish notice, and further that:
The Department abused its discretion and failed to follow the essential requirements of law in the issuance of Permit No. BO 474 ATF CF in that the Department has permitted a beach viewing platform which violates the width, elevation, square footage, plank spacing and light protection requirements of the Florida Administrative Code and which constitutes a public nuisance. Further, the beach viewing platform construction as approved does not prevent persons from using immediately adjacent areas to the north and the south of the platform from gaining beach access through layers of protected vegetation and thereby constitutes a public nuisance.
DEP issued an Order Dismissing the Petition with Leave to Amend on September 14, 2001, finding that the Accardis *995 were properly notified and failed to timely file their petition within the required twenty-one days, counting from its November 6, 2000 notification letter. DEP represented that notice was presumed to have been received pursuant to Rule 62-110.106(3) of the Florida Administrative Code.[2] The order further stated that the Accardis' petition did not comply with section 120.54(5)(b)4, Florida Statutes, and Rule 28-106.201(2) of the Florida Administrative Code as it did not include:
(a) A statement of all disputed issues of material fact. If there are none, the petition must so indicate;
(b) A concise statement of the ultimate facts alleged, as well as the rules and statutes which entitled the Petitioner to relief; and
(c) A demand for relief.
Attempting to cure the defects, the Accardis filed an amended petition on September 26, 2001. A Final Order of Dismissal with Prejudice was subsequently issued on October 24, 2001. DEP denied the requested hearing on the same grounds, additionally finding that (1) the amended petition did not specifically explain how the Accardis have standing to challenge the Department's permitting decision and (2) the amended petition states that there are no disputed issues of material fact, and thus, an administrative hearing under section 120.57(1), Florida Statutes, is not appropriate.
Initially, we conclude that the timeliness of the petition presents a disputed issue of fact that must be resolved below in the administrative process. In interpreting rules in the Florida Administrative Code, courts have held that "words should be given their plain and ordinary meaning." Boca Raton Artificial Kidney Ctr., Inc. v. Dep't of Health & Rehabilitative Servs., 493 So.2d 1055, 1057 (Fla. 1st DCA 1986); see also Gar-Con Dev., Inc. v. State, Dep't of Envtl. Regulation, 468 So.2d 413, 415 (Fla. 1st DCA 1985). Rule 62-110.106(2) of the Florida Administrative Code provides that "a timely petition requesting an administrative hearing shall be filed within twenty-one days of such receipt of notice of agency action." (emphasis added). Rule 28-106.111(2) states that "persons seeking a hearing on an agency decision which does or may determine their substantial interests shall file a petition for hearing with the agency within 21 days of receipt of written notice of the decision." (emphasis added). The Florida Administrative Code contains no provision requiring that receipt of the notice be irrefutably presumed following an allegation of mailing by DEP. Here, a fact-finder must determine whether the Accardis received the written notice allegedly mailed by DEP.
A somewhat similar issue regarding notice was addressed in Wentworth v. State, Department of Environmental Protection, 771 So.2d 1279, 1280 (Fla. 4th DCA 2000). There, Wentworth applied for a permit to construct a single-family dock structure consisting of an access pier over sovereign submerged lands, which DEP granted in part. This court agreed with DEP's finding that Wentworth's neighbors' entry into the administrative proceedings was timely although construction had already begun. See id. The neighbors were substantially affected parties, but they never received notice of DEP's initial letter giving Wentworth consent to construct the dock. See id. This court stated:

*996 Since persons whose substantial interests are affected by a Department decision may petition for an administrative proceeding within the time provided in this rule ... after receipt of notice of agency action, and since receipt of such notice can occur at any time unless notice is given or published as prescribed in this rule, the applicant or other person requesting a particular action by the Department cannot justifiably rely on the finality of the Department's decision unless the notice has been duly published or otherwise provided to all persons substantially affected by the decision.
771 So.2d at 1281 (quoting Fla. Admin. Code R. 62 110.106(10)(a)). Because they did not receive notice, this court found that the neighbors timely disputed Wentworth's right to build the dock as soon as they had actual notice. See id. (stating "[i]t was uncontroverted that the Urbans and the Vogels [the neighbors] promptly disputed Wentworth's right to build the dock as soon as they had actual notice").
The second issue raised on appeal is whether the Accardis properly alleged standing in their amended petition. To demonstrate standing to intervene, a petitioner must demonstrate: "1) that he will suffer injury in fact which is of sufficient immediacy to entitle him to a section 120.57 hearing, and 2) that his substantial injury is of a type or nature which the proceeding is designed to protect." Ameristeel Corp. v. Clark, 691 So.2d 473, 477 (Fla.1997)(quoting Agrico Chem. Co. v. Dep't of Envtl. Regulation, 406 So.2d 478, 482 (Fla. 2d DCA 1981)). The first aspect of the test deals with the degree of injury, and the second with the nature of the injury. See id.
DEP's first order dismissing with leave to amend did not put the Accardis on notice that their petition failed to allege standing. Therefore, they should have been given the opportunity to amend for standing upon being notified of the defect in the second order of dismissal. Further, we find that the allegations in the Accardis' petition sufficiently reflected that their substantial rights had been affected by DEP's decision to issue a construction permit for a beach viewing platform on property immediately adjacent to their ocean front home.
Lastly, we find that the Accardis substantially complied with the requirement that the petition for relief specify the rules or statutory provisions requiring reversal or modification of the agency's proposed action.[3] The Accardis' amended petition stated in part that "the Department has permitted a beach viewing platform which violates width, elevation square footage, plank spacing and light protection requirements of the Florida Administrative Code." The rule does not specifically require that a petition state the statutory section numbers or rule provision numbers that are allegedly being violated. Thus, we find that the Accardis' petition, which specified the substance of the administrative code rules allegedly violated, was sufficient.
We reverse and remand for further proceedings consistent with this decision.
REVERSED and REMANDED.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] On December 14, 2000, the Accardis and HSIA filed their Joint Trial Catalog in a separate civil action. There, HSIA listed DEP's November 6th letter and the Permit for Construction as exhibits 11 and 12 on Defendant's Exhibit List.
[2] Rule 62-110.106(3)(b) provides:

Failure to file a petition within the applicable time period after receiving notice of agency action shall constitute a waiver of any right to request an administrative proceeding under chapter 120 of the Florida Statutes.
[3] Rule 28-106.201(2) provides in pertinent part:

(2) All petitions filed under these rules shall contain:
. . . .
(f) A statement of the specific rules or statutes the petitioner contends require reversal or modification of the agency's proposed action....