859 So.2d 623 (2003)
BROWARD CHILDREN'S CENTER, INC. and the Zenith, Appellants/Cross-Appellees,
v.
Carolyn HALL, Appellee/Cross-Appellant.
No. 1D03-1379.
District Court of Appeal of Florida, First District.
November 26, 2003.
*624 Robert L. Teitler and Bernard I. Probst of Walton Lantaff Schroeder & Carson, LLP, Miami, for Appellants/Cross-Appellees.
William F. Souza of William F. Souza, P.A., North Miami, for Appellee/Cross-Appellant.
WEBSTER, J.
In this workers' compensation case, the employer and carrier appeal, and the claimant cross-appeals, from a non-final order adjudicating compensability which includes the required certification. We have jurisdiction. Fla. Const. art. V, § 4(b)(1); Fla. R.App. P. 9.180(b)(1)(C). See generally Cadco Builders, Inc. v. Roberts, 712 So.2d 457 (Fla. 1st DCA 1998). Because the judge of compensation claims resolved a disagreement between the parties' independent medical examiners regarding the cause of the claimant's staphylococcal infection and resulting endocarditis without the benefit of an evaluation and opinion by an expert medical advisor, we reverse.

I.
The claimant maintained that she had contracted the staph infection in the course, and as a result, of her employment. She also alleged that healthcare workers such as she were at a greater risk of contracting the type of staph infection she had acquired than were members of the general public. The employer and carrier denied those allegations. During the merits hearing, the judge of compensation claims concluded that the testimony of the parties' independent medical examiners was in conflict as to whether healthcare workers such as the claimant were at greater risk of contracting the type of staph infection acquired by the claimant *625 and whether the claimant had contracted the staph infection in the course, and as a result, of her employment. Accordingly, he sua sponte "order[ed] that the [c]laimant be evaluated by an expert medical advisor ... in the specialty of infectious diseases ... [,]" and reserved jurisdiction as to the issue of compensability pending the results of the expert medical advisor's evaluation.
The judge of compensation claims subsequently entered an order appointing Dr. Feldman as the expert medical advisor. Nearly four months later, the judge held a status conference at which he told the parties that Dr. Feldman had declined the appointment "because the records [we]re too many and too extensive." The judge further informed the parties that Dr. Feldman was "the only infectious disease specialist who is certified as an [e]xpert [m]edical [a]dvisor in the entire State of Florida."
By a subsequent order, the judge held that, because there was no other qualified expert medical advisor available, he would proceed to determine the issue of compensability. He then resolved the disagreement between the parties' medical experts by accepting the opinions of the claimant's independent medical examiner and rejecting those of the employer's and carrier's. Based on that factual determination, he held that the claim was compensable.
The employer and carrier timely served a motion for rehearing in which they argued that section 440.13(9)(c), Florida Statutes (1997), mandated the appointment of an expert medical advisor. They further argued that Florida Administrative Code rule 59A-30.006 authorized the Agency for Health Care Administration to select a "temporary expert medical advisor" when "the particular area of expertise requested is not represented among the available expert medical advisors." Accordingly, they requested the judge to vacate his previous order, and to request such a "temporary expert medical advisor" from the Agency for Health Care Administration. In response, the claimant argued that no temporary expert medical advisor should be appointed because the administrative rule was irreconcilable with section 440.13(9)(a), which addresses the certification of expert medical advisors, and because doing so would result in additional delay. At a subsequent hearing, the judge concluded that he was not obliged to resort to rule 59A-30.006 and seek a temporary expert medical advisor because the rule was not intended to apply in situations such as that which was presented by this case, and because to do so would result in additional delay. Accordingly, he denied the motion for rehearing. This appeal and cross-appeal follow.

II.

A.
To the extent pertinent, section 440.13(9)(c), Florida Statutes (1997), reads:
If there is disagreement in the opinions of the health care providers [or] if two health care providers disagree on medical evidence supporting the employee's complaints ... [,] the judge of compensation claims shall, upon his or her own motion or within 15 days after receipt of a written request by either the injured employee, the employer, or the carrier, order the injured employee to be evaluated by an expert medical advisor. The opinion of the expert medical advisor is presumed to be correct unless there is clear and convincing evidence to the contrary....
We have previously held that this statutory provision is "mandatory and binding on the judge of compensation claims" and that *626 "[t]he statutory language provides no support for the view that the statute is directory only, or that evaluation by expert medical advisors is to be left to the discretion of the judge of compensation claims." Palm Springs Gen. Hosp. v. Cabrera, 698 So.2d 1352, 1356 (Fla. 1st DCA 1997). We reaffirm that holding. It is apparent that the legislature's intent was to create a mechanism by which an independent medical expert would offer assistance to the judge of compensation claims when he or she is faced with conflicting medical evidence from the parties' experts. It is further apparent that the legislature intended for the provisions of section 440.13(9)(c) to be mandatory. Walsdorf Sheet Metal Works, Inc. v. Gonzalez, 719 So.2d 355 (Fla. 1st DCA 1998), upon which the claimant relies, is distinguishable on its facts. There, we held that the employer and carrier had waited too long before requesting the appointment of an expert medical advisor. Here, in contrast, the judge of compensation claims sua sponte concluded that an expert medical advisor was required upon hearing the testimony of the parties' experts. In Walsdorf, we expressly declined to address whether the judge of compensation claims had a duty to appoint an expert medical advisor on his own motion, because the employer and carrier did not make such an argument. Id. at 357 n. 3. Moreover, the claimant's argument to the contrary notwithstanding, there is nothing in the plain language of the statute to suggest that a judge of compensation claims need make only one attempt to appoint an expert medical advisor in order to satisfy its mandate.

B.
Section 440.13(9)(a), Florida Statutes (1997), which provides for the certification of expert medical advisors, reads:
The division [of workers' compensation] shall certify expert medical advisors in each specialty to assist the division and the judges of compensation claims within the advisor's area of expertise as provided in this section. The division shall, in a manner prescribed by rule, in certifying, recertifying, or decertifying an expert medical advisor, consider the qualifications, training, impartiality, and commitment of the health care provider to the provision of quality medical care at a reasonable cost. As a prerequisite for certification or recertification, the division shall require, at a minimum, that an expert medical advisor have specialized workers' compensation training or experience under the workers' compensation system of this state and board certification or board eligibility.
Responsibility for certification of expert medical advisors was transferred from the Division of Workers' Compensation to the Agency for Health Care Administration by chapter 2002-194, section 25, Laws of Florida, effective July 1, 2002. Ch.2002-194, § 71, at 1267, Laws of Fla.
The Agency for Health Care Administration has rules in place addressing expert medical advisors. Among those is rule 59A-30.006, entitled "Temporary Expert Medical Advisors." That rule reads:
(1) When the Agency or a judge of compensation claims requests the services or opinion of an expert medical advisor and the particular area of expertise requested is not represented among the available expert medical advisors, the Agency shall select a qualified individual upon the recommendation of a state or national medical professional organization.
(2) The selectee shall send to the Agency a copy of his/her license and board certification or verify his/her board eligibility before being assigned *627 the status of temporary expert medical advisor.
(3) Approval to serve as a temporary expert medical advisor shall be limited to the specific case for which the services are requested.
(4) A physician who has been suspended or decertified pursuant to Chapter 59A-29, F.A.C., shall not be approved as a temporary expert medical advisor.
The judge of compensation claims concluded that rule 59A-30.006 was not intended to apply to a situation such as that with which he was presented. In his opinion, the rule was intended to apply only when there are no expert medical advisors certified in a particular area of expertise. The plain language of the rule precludes such a narrow interpretation. See Boca Raton Artificial Kidney Ctr., Inc. v. Dep't of Health & Rehab. Servs., 493 So.2d 1055, 1057 (Fla. 1st DCA 1986) (when interpreting administrative rules, words used should be given their plain and ordinary meaning). Here, because the only certified expert medical advisor in the area of infectious diseases had declined appointment, that "area of expertise ... [wa]s not represented among the available expert medical advisors." Fla. Admin. Code R. 59A-30.006(1) (emphasis added). Accordingly, pursuant to rule 59A-30.006, the Agency for Health Care Administration had the authority to "select a qualified individual" to serve as a "temporary expert medical advisor" in this case. Id. R. 59A-30.006(1) & (3).

C.
The claimant argues that rule 59A-30.006 is in direct conflict with section 440.13(9)(a) in several respects and that, therefore, the latter, rather than the former, must control. We agree that, when a rule is in direct conflict with a statute, the latter must control. See, e.g., Willette v. Air Products, 700 So.2d 397, 399 (Fla. 1st DCA 1997) ("a duly promulgated administrative rule, although `presumptively valid until invalidated in a section 120.56 rule challenge,' ... must give way in judicial proceedings to any contradictory statute that applies"). However, we are not persuaded by the claimant's arguments that rule 59A-30.006 conflicts with section 440.13(9)(a). On the contrary, we believe that the two are consistent.
Section 440.13(9)(a) places responsibility for certification, recertification and decertification of expert medical advisors on the Agency for Health Care Administration. It authorizes the Agency to adopt rules to implement that directive. Nothing in the language of section 440.13(9)(a) precludes temporary certification. Moreover, the clear intent of section 440.13(9)(c) is to require participation of an expert medical advisor in every case where a disagreement exists between healthcare providers. To read section 440.13(9)(a) as the claimant urges would thwart that clearly expressed intent in cases such as this, where no previously certified expert medical advisor is available in the appropriate area of expertise. We decline to give such an interpretation to the statute. Although the claimant presents additional arguments in support of her position that rule 59A-30.006 is inapplicable, those arguments are both unpreserved (because not presented to the judge of compensation claims) and without merit.

D.
It is true, as the judge of compensation claims and the claimant have observed, that resolution of the claim has been delayed. However, given the complicated nature of the claim and the peculiar procedural history of the case, we are not prepared to categorize that delay as inordinate. *628 Moreover, to the extent that our decision will result in further delay, such delay is the result of the legislature's clearly expressed intent that the opinion of an expert medical advisor be obtained in cases of this type.

III.
In summary, we hold that section 440.13(9)(c), Florida Statutes (1997), mandates the appointment of an expert medical advisor in this case. Given the existence of rule 59A-30.006, the fact that the only certified expert medical advisor in the area of infectious diseases declined appointment does not excuse the failure of the judge of compensation claims to appoint one. Accordingly, we reverse, and remand. On remand, the judge of compensation claims shall appoint an expert medical advisor. Should there now be additional physicians certified in the relevant area of expertise, the appointment must come from that list. If no physicians are certified in that area, the judge shall request the Agency for Health Care Administration to select a temporary expert medical advisor in accordance with rule 59A-30.006. We affirm, without discussion, as to all other issues raised by the appeal and cross-appeal.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BARFIELD and BROWNING, JJ., CONCUR.