PER CURIAM.
Because it is clear in this workers’ compensation case that a conflict existed be *559 tween the opinion of claimant’s treating physician, Dr. Guttentag, and the opinion of the employer’s and servicing agent’s independent medical examiner, Dr. Kneze-vich, on the issue of causation, the judge of compensation claims committed reversible error when he denied the employer’s and servicing agent’s request for appointment of an expert medical advisor. See, e.g., Broward Children’s Ctr., Inc. v. Hall, 859 So.2d 623, 627 (Fla. 1st DCA 2003) (“the clear intent of section 440.13(9)(c) is to require participation of an expert medical advisor in every case where a disagreement exists between healthcare providers”). Accordingly, we reverse the final order awarding benefits and remand with instructions that the judge of compensation claims appoint an expert medical ad-visor as requested by the employer and servicing agent.
REVERSED and REMANDED, with directions.
WEBSTER, DAVIS and LEWIS, JJ., concur.