PER CURIAM.
In this workers’ compensation case, the employer/carrier (“the E/C”) appeals the judge of compensation claims’ (“JCC”) denial of its motion to appoint an expert medical advisor. There was a dispute between the independent medical examiners over whether Claimant’s atrial fibrillation qualified as heart disease and whether Claimant suffered from hypertension, and the E/C moved for appointment of an expert medical advisor. The JCC denied such motion and, after a hearing, resolved this case without the benefit of an expert medical advisor by applying the statutory presumption provided by section 112.18, Florida Statutes (2002), and entered a final order in favor of Claimant. Such statutory presumption arises only after a determination that a claimant has heart disease (among other things), and any conflict in the medical testimony relating to the existence of a heart disease requires appointment of an expert medical advisor. Because of the conflicting medical testimony, section 440.13(9)(e), Florida Statutes (2002), mandated the appointment of an expert medical advisor before applying the section 112.18 presumption, and the JCC erred in denying the E/C’s motion for the appointment of an expert medical advisor. See Broward Children’s Ctr., Inc. v. Hall, 859 So.2d 623, 625-26 (Fla. 1st DCA 2003). We therefore reverse the final order and remand for the appointment of an expert medical advisor to resolve the dispute between the independent medical examiners.
REVERSED and REMANDED.
BROWNING, C.J., LEWIS and HAWKES, JJ., concur.